STATE v. JAMES G. HEDGEPETH.

(Filed 2 March, 1949.)

**1. Criminal Law § 38f—Experimental evidence held competent upon a showing of substantially similar conditions.**

The State's case rested largely upon what a witness testified she saw through a certain window on a particular morning. Defendant introduced testimony that at the time in question the whole sky was overcast. Defendant tendered witnesses who would have testified that on the day before the trial the sky was overcast, and that they stood outside the window at distances varying from one to ten feet and could not distinguish any objects in the room, but that they did not know the climatic conditions on the day in question. *Held:* The exclusion of the testimony was error, since it appears from the evidence that the experiments were made under conditions substantially similar to those existing on the day in question.

**2. Same—**

While the similarity of the circumstances and conditions is a preliminary question for the court in determining the competency of testimony of experiments, the exclusion of such testimony will be held for prejudicial error when such evidence is very material, and adequate predicate for its admission has been laid.

**3. Criminal Law § 53d—**

It is the duty of the trial court to explain and apply the law to the evidence in the case, and an instruction which presents an erroneous view of the law or an incorrect application thereof, even though given in stating the contentions of the parties, is reversible error.

**4. Criminal Law § 53k—**

Testimony of the sheriff in this case was competent for the purpose of contradicting the testimony of one of defendant's witnesses. *Held:* An instruction to the effect that the State contended that the jury should believe the testimony of the officer and find the defendant guilty of the offense charged, is erroneous as charging that the impeaching testimony was substantive evidence, and the prejudicial character of the charge was emphasized by the fact that the witness singled out by the court was an officer of the law.

APPEAL by defendant from *Morris, J.,* November Term, 1948, GATES. New trial.

Criminal prosecution on bill of indictment charging that defendant feloniously assaulted a female child eleven years of age with the intent to rape.

On 31 August 1948 a Mrs. Bowden passed the window to a bedroom in the home of the child. She testified that she saw defendant and the child on the bed under circumstances which indicated he was attempting an act of intercourse. She saw the girl's arm and thigh and a strip of her dress about one and one-half inches wide and six inches long. She saw the back of the head, shoulder, and shirt of a man. She identified the girl and defendant from what she thus saw.

Mrs. Bowden testified that she was standing about three feet from the window, that a hurricane was approaching, but the sky was clear. Other witnesses for the State testified that it "was very cloudy that morning"; "it was a hazy, cloudy day"; "the sky was overcast with clouds."

There was a galvanized wire screen over the window and under that was regular screen wire, making two layers of wire.

Both the girl and the defendant denied the charge. The girl's father, witness for the State, and her mother, witness for the defendant, testified to facts which tended to contradict Mrs. Bowden and refute the charge. There was other evidence in behalf of defendant.

There was a verdict of guilty as charged. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Godwin & Godwin and John H. Hall for defendant appellant.*

BARNHILL, J. The defendant offered evidence to the effect that the day before the trial "was kind a cloudy, drizzly day," "the whole sky was overcast," and tendered three witnesses who, if permitted so to do, would have testified that on that day, about 11:00 a.m., they went to the home of the girl and examined the bedroom; that it was a very dark room; that they stood outside the room at varying distances of one to ten feet and attempted to look through the window, and that they could not distinguish any objects in the room. Each, in response to a question by the court, stated that he did not know the climatic conditions on 31 August. Thereupon, the tendered testimony was excluded and defendant excepted.

Apparently this testimony was excluded for the reason the witnesses could not say that their experiments were made under conditions substantially similar to those that existed on the day of the alleged crime.

STATE *v.* HEDGEPETH.

But this was not a prerequisite. The defendant had already shown, through examination of witnesses for the State, that 31 August was a hazy, cloudy day and the sky was overcast with clouds. The condition of the window was the same. Thus it was made to appear that the experiments were made under substantially similar circumstances. *S. v. Phillips,* 228 N.C. 595. The one and only "variation" rests in the testimony of Mrs. Bowden: that while a hurricane was approaching, the sky was clear on 31 August. In the light of all the other testimony, this was not sufficient to render the tendered testimony incompetent. *S. v. Phillips, supra.*

While the similarity of the circumstances and conditions is a preliminary question for the court, we are of the opinion that its ruling here was a bit "too wide of the mark." The only evidence of guilt is contained in the testimony of Mrs. Bowden. Whether she could see through the window is a material factor in determining the truth of her statements. The testimony developed through the experiments tends sharply to impeach her testimony and assail her credibility. Hence, its exclusion was prejudicial to defendant. See *S. v. Phillips, supra,* where the question is fully discussed.

The charge of the court contains the following to which the defendant excepts, to wit:

"The State says and contends furthermore that it has offered in evidence in this case the testimony of the sheriff of this County, who testified that, in contradiction of the little girl who has testified for the defendant, that he had a conversation with her and that when he had the conversation with her, that the child told him what had taken place between her and the defendant, and the State says and contends that you ought to believe that is actually what took place. The State says and contends that was made at a time when the child had not had an opportunity to be instructed or to be talked to by any person, except the Sheriff, and that the Sheriff was the first person who talked to her, with the exception of Mrs. Bowden, herself; and the State says and contends that at that time the child made an honest confession; that she had not had time to form any fixed design to tell anything except what was the truth about it; and the State says and contends, therefore, you should believe that what she told the sheriff on that occasion is actually what transpired and the defendant is guilty as charged in the bill of indictment."

Thus the court in effect instructed the jury that the State contended the statement of the girl to the sheriff was substantive evidence of guilt, that it was a "confession" sufficient to prove the guilt of defendant, that they should believe their sheriff and find that what the girl told him on that occasion actually transpired as testified to by the sheriff and return a verdict of guilty.

It is the duty of the court to explain and apply the law to the evidence in the case and set the minds of the jury at rest in respect to the principles of law which should guide them in arriving at a verdict. And so it should not at any time give an instruction, even in the form of a contention, which presents an erroneous view of the law or an incorrect application thereof.

Having given the contention of the State based on this testimony in a form calculated to lead the jury to understand that if they believed the sheriff they should return a verdict of guilty, the court should have instructed them forthwith as to the nature of the evidence and the manner in which it was to be considered by them, so that an erroneous conception thereof would not find lodgement in their minds.

The court at no time cautioned the jury that the testimony of the sheriff was not substantive evidence but was to be considered only as it might tend to impeach the testimony of the girl, a witness for the defendant. This instruction was its only reference thereto. Its prejudicial nature is further enhanced by the fact the witness singled out by the court was the sheriff of the county. *S. v. Watkins,* 159 N.C. 480, 75 S.E. 22; *S. v. Rhinehart,* 209 N.C. 150, 183 S.E. 388; *S. v. Hart,* 186 N.C. 582, 120 S.E. 345; *S. v. Horne,* 171 N.C. 787, 88 S.E. 433; *S. v. Benton,* 226 N.C. 745, 40 S.E. 2d 617. Jurors are prone to believe the testimony of their officers. This is as it should be, for no man who is unworthy of belief should hold public office. Though the charge was in the form of a contention, its legal inferences were such as to mislead the jury. Under the circumstances of this case, it must be held for error.

For the reasons stated there must be a

New trial.