FAIRY ESTELLE ZACH, ADMINISTRATRIX OF THE ESTATE OF STEPHEN YON ZACH, DECEASED v. SURRY-YADKIN ELECTRIC MEMBERSHIP CORPORATION

No. 8117SC936

(Filed 18 May 1982)

1. Electricity § 8— death from electric wires—contributory negligence

In an action to recover for the death of plaintiff's intestate who was electrocuted by defendant power company's power lines, the evidence was sufficient to be submitted to the jury on the issue of contributory negligence where it tended to show that the intestate attempted, by himself, on a windy day, to remove a twenty-foot-long antenna from his family's house in the presence of high voltage power lines and that the antenna struck the power lines, and where the evidence was conflicting as to whether the intestate was aware of the danger associated with the presence of the high voltage lines.

2. Negligence § 38; Trial § 33.8— contributory negligence—failure to apply law to evidence

The trial court's instructions on contributory negligence were insufficient in failing to relate to the jury specific acts or omissions arising from the evidence which would constitute contributory negligence. G.S. 1A-1, Rule 51(a).

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 31 March 1981 in Superior Court, SURRY County. Heard in the Court of Appeals 7 April 1982.

Plaintiff-administratrix brought this wrongful death action alleging that the death by electrocution of her son, Stephen Yon Zach, was proximately caused by the negligence of defendant power company. The jury returned a verdict finding defendant negligent and plaintiff's decedent contributorily negligent.

At trial, plaintiff presented evidence tending to show that at the time of his death on 18 March 1979, Stephen Zach was 19 years old, and was living in a trailer on the property of his family's home. Uninsulated power lines carrying 7,200 volts of electricity passed within approximately 2 feet of the house at a height of approximately 22 feet. There were no notices posted in the area indicating that these were "live," high voltage lines. On 18 March, a breezy day, Stephen asked his mother if he could take one of the three aerial television antennas off the house to use at his trailer. Plaintiff agreed that Stephen could have one of the antennas, but suggested that he not try to remove one alone. At 4:30 p.m. on 18 March, Stephen's body was found about five feet from the house. A hatchet which apparently had been used to sever the antenna from its cement base lay on the ground near the body. An antenna measuring approximately twenty feet was found dangling in the power lines overhead. Burn marks on the decedent's hands matched marks on the antenna. The cause of Stephen's death was determined to be electrocution. There were no witnesses to the events surrounding Stephen's death.

Defendant's evidence tends to show that the power lines were open and obvious as they ran past the Zach's home; that it was not uncommon or unsafe for high voltage wires to be uninsulated and unmarked as being dangerous; and that newsletters sent to defendant's members, including plaintiff's family, warned of the dangers of placing antennas too close to live power lines.

From judgment entered on the verdict, plaintiff appeals.

*White and Crumpler, by G. Edgar Parker, Edward L. Powell and David R. Crawford, for plaintiff-appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by R. M. Stockton, Jr. and John F. Mitchell, for defendant-appellee.*

WELLS, Judge.

In one of her assignments of error, plaintiff contends that the trial court erred in denying plaintiff's motion for a directed verdict on the issue of contributory negligence. Plaintiff also contends that the trial court failed to properly instruct the jury on the issue of contributory negligence. We agree with plaintiff's second contention and award plaintiff a new trial.

[1] Plaintiff argues that the trial court erred in denying her motion for a directed verdict on the issue of contributory negligence, on the grounds that there was no evidence to support a jury determination that Stephen Zach was contributorily negligent.[1] We disagree.

On plaintiff's motion for a directed verdict on this issue, defendant's evidence must be taken as true and considered in the light most favorable to defendant, and plaintiff's motion was properly denied unless the evidence favorable to defendant on this issue was insufficient to justify a verdict for defendant. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *Howell v. Lawless*, 260 N.C. 670, 133 S.E. 2d 508 (1963). Although there were no witnesses to Stephen's death, the evidence tended to show that Stephen Zach attempted, by himself, on a windy day, to remove a twenty-foot-long antenna from his family's house in the presence of high voltage lines. There was conflicting evidence as to whether Stephen was aware of the dangers associated with the presence of the high voltage lines. Viewing this evidence in the light most favorable to defendant, *Dickinson v. Pake*, supra, we hold that the evidence was sufficient to support, but not compel, a jury finding that Stephen Zach was contributorily negligent.[2] *Dennis v. Albemarle*, 242 N.C. 263, 87 S.E. 2d 561 (1955), *reh. dis.*, 243 N.C. 221, 90 S.E. 2d 532 (1955), *Partin v. Power and Light Co.*, 40 N.C. App. 630, 253 S.E. 2d 605 (1979), and cases cited therein,

1. We note that defendant has not cross-appealed from the trial court's denial of defendant's motion for a directed verdict on the issue of contributory negligence, and that in its brief, defendant concedes that the issue was properly submitted to the jury.

2. For cases which discuss the standard or standards of care to be exercised by persons engaged in activity in the vicinity of dangerous electrical wires, *see Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1978), and cases cited therein; *Willis v. Power Co.*, 42 N.C. App. 582, 257 S.E. 2d 471 (1979).

*disc. rev. denied*, 297 N.C. 611, 257 S.E. 2d 219 (1979). We hold, therefore, that the trial court did not err in submitting this issue to the jury, and we overrule this assignment.

**[2]** Plaintiff also contends that the trial court failed to properly instruct the jury on the issue of contributory negligence, by giving no specific examples of how plaintiff's decedent might have been contributorily negligent. In his charge, Judge Freeman first gave a general recital of the evidence presented by each party. Then, on the issue of decedent's contributory negligence, Judge Freeman instructed the jury as follows, in pertinent part:

> The second issue reads, "If so, did Stephen Yon Zach, by his own negligence, contribute to his death?" Now in this issue, the burden of proof is on the defendant. This means that the defendant must prove by the greater weight of the evidence that the plaintiff—Strike that.—that the intestate, that is, Stephen Yon Zach, was negligent, that such negligence was a proximate cause of the intestate's own death. The test of what is negligence, as I've already defined and explained, is a reasonable and prudent doing of something that a reasonable prudent person would not have done, or not doing something that a reasonable prudent person should have done; and when the intestate's own negligence concurs with the negligence of the defendant and proximately causes the death, it's called "Contributory Negligence."

> The law imposes upon a person a duty to use ordinary care to protect himself from injury. When a person realizes, or in exercise of reasonable care should realize, that another has violated the duty owed to him, he must be vigilant in attempting to avoid injury. If one who has the capacity to understand and avoid a known danger fails to take advantage of the opportunity, it would be contributory negligence. A person is charged not only with knowledge of what he sees, but knowledge of what he simply should see.

> A person is required to use or exercise due care and to use his faculties to discover and avoid danger, care being commiserate (sic) with the danger or the appearance thereof.

> So, finally, in this contributory negligence issue, I'll instruct you that if the defendant has proved by the greater

weight of the evidence that at the time of this death, the intestate, Stephen Yon Zach, was negligent in any one or in any manner, I'll say to you that if you find that Stephen Yon Zach was negligent and if the defendants further prove by the greater weight of the evidence that such negligence was a proximate cause of and contributed to the intestate's death, that it would be your duty to answer this issue, "Yes," in favor of the defendant.

G.S. 1A-1, Rule 51(a) places a mandatory duty on the trial court to "[d]eclare and explain the law arising on the evidence given in the case. The Judge shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; . . .". It is not enough that the trial court recites a general explanation of the law of negligence or contributory negligence. *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). Our Supreme Court stated in *Griffin v. Watkins*, 269 N.C. 650, 153 S.E. 2d 356 (1967) that:

> Failure to exercise due care is the failure to perform some specific duty required by law. To say that one has failed to use due care or that one has been negligent, without more, is to state a mere unsupported conclusion. "(N)egligence is not a fact in itself but is the legal result of certain facts." (Citation omitted.)

The trial court must relate to the jury specific acts or omissions arising from the evidence which would constitute contributory negligence. *Griffin*, supra; *Sugg v. Baker*, 258 N.C. 333, 128 S.E. 2d 595 (1962); *see also Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981); *Hunt*, supra.

In the instant case, the trial court failed to specify any acts or omissions, supported by the evidence, from which the jury could find that Stephen Yon Zach was contributorily negligent. *See Everhart*, supra; *Hunt*, supra. This instruction left the jury free to conclude that general carelessness would constitute contributory negligence under the law. *Griffin*, supra. Our courts having ruled that such failure in the jury instructions is inherently prejudicial, *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972), and plaintiff is entitled to a new trial. As the other errors asserted by plaintiff are not likely to occur on retrial, we deem it unnecessary to address them in this opinion.

New trial.

Judges WEBB and WHICHARD concur.