TOMAS H. URBANO v. DAYS INN OF AMERICA, INC.; OFFICE PARKS OF CHARLOTTE, INC., D/B/A DAYS INN BUDGET LUXURY MOTELS; COMMERCIAL MANAGEMENT, INC.; AND DAYS INN BUDGET LUXURY MOTELS

No. 8126SC1121

(Filed 21 September 1982)

1. Negligence § 55; Innkeepers § 3.5— invitee injured by acts of criminal—duty of owner to exercise reasonable care to protect plaintiff—summary judgment for owner improperly granted

An owner of a motel was under a duty to plaintiff to exercise reasonable care to protect plaintiff from criminal acts of third persons on defendant's motel premises, and summary judgment was improvidently entered on plaintiff's claim for relief based upon defendant's negligence where there was evidence that defendant knew of at least 42 episodes of criminal activity taking place on its motel premises during a period of three years preceding the date of plaintiff's injury, twelve episodes occurred during the three and one-half months preceding plaintiff's injury, the premises were not guarded or patrolled by security officers employed by the motel, defendant's motel park-

ing lot was not fenced in or otherwise enclosed, and the area where plaintiff's room was located may have been dimly lighted.

**2. Innkeepers § 5— innkeeper not insurer of personal safety of business invitees**

> G.S. 72-1(a) does no more than state the common law duty of an innkeeper to provide suitable lodging for guests and carries with it no warranty of personal safety.

**3. Courts § 9.4— denial of motion for summary judgment for one defendant by a judge not binding on another judge as to another defendant**

> Each defendant is entitled to have its motions considered and ruled upon separately; therefore, it was not error for one judge to grant one defendant's motion for summary judgment after another judge had denied another defendant's motion for summary judgment.

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 4 June 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 31 August 1982.

Plaintiff was a guest in a motel owned and operated by defendant Office Parks of Charlotte, Inc., hereinafter referred to as Office Parks. After checking into his room late at night, plaintiff returned to his car parked in defendant's parking lot to retrieve his luggage, whereupon he was criminally assaulted and seriously injured by unidentified assailants. Plaintiff instituted this action against Office Parks as owner-operator and against Days Inn of America, Inc., hereinafter referred to as Days Inn, as franchisor, seeking recovery on negligence and contract theories.

In his complaint, plaintiff alleged in his first claim for relief that his injuries and damage were proximately caused by defendant Office Parks' negligent failure to provide adequate lighting on the motel premises; failure to fence, enclose or guard the motel property or take other reasonable measures to limit access to the motel property; failure to give plaintiff notice or warn plaintiff of other acts of violence committed during evening hours on the motel premises; failure to exercise reasonable care to monitor, inspect and manage the motel premises; allowing a hidden, dangerous condition to exist on the motel premises; and failure to institute and maintain adequate measures for the protection of their guests. In his second claim for relief, plaintiff alleged that through advertising, representations and inducements, defendant Office Parks warrantied to plaintiff that its motel premises were reasonably safe for plaintiff's use; that such representations in-

duced plaintiff to seek lodging in defendant's motel; that defendant breached its warranties to plaintiff; and that such breach of warranty proximately caused plaintiff's injuries and damage. In a separate claim for relief, plaintiff alleged that defendant's actions were reckless, wanton, and in willful disregard of plaintiff's rights and safety, so as to entitle plaintiff to punitive damages.

Defendant Office Parks answered, denying the plaintiff's essential allegations as to negligence, breach of warranty, and willful or wanton conduct. Defendant also asserted an affirmative defense that intervening wrongful acts of third persons were the proximate cause of plaintiff's injuries and damage.

Defendant Days Inn's motion for summary judgment was denied by Judge Allen on 18 February 1981. Defendant Office Parks moved for summary judgment on 7 May 1981. Judge Snepp granted defendant Office Parks' motion, stating that "there is no just reason for delay." Plaintiff appealed.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage, Max E. Justice and Christian R. Troy, for plaintiff-appellant.*

*Craighill, Rendleman, Clarkson, Ingle & Blythe, P.A., by J. B. Craighill and Nancy E. Foltz, for defendant-appellees.*

WELLS, Judge.

The principal questions presented in this appeal are two: one, whether defendant Office Parks was under a duty to plaintiff to exercise reasonable care to protect plaintiff from criminal acts of third persons on defendant's motel premises; and two, whether the provisions of G.S. 72-1(a)[1] provide plaintiff with a warranty of personal safety while plaintiff was a guest at defendant's motel. We answer the first question, yes, and the second, no.

[1] In *Foster v. Winston-Salem Joint Venture,* 303 N.C. 636, 281 S.E. 2d 36 (1981), our Supreme Court dealt with the duty of a shopping center to protect its business invitees from the criminal acts of third persons on its premises. In recognizing such a duty, the court stated that "foreseeability is the test in determining the

---

1. 72-1(a) Every innkeeper shall at all times provide suitable lodging accommodations for persons accepted as guests in his inn or hotel.

extent of a landowner's duty to safeguard his business invitees from the criminal acts of third persons". In *Foster*, the court also made it clear that a parking lot provided by a business owner for the use of his invitees is considered a part of the business premises. *See also Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 250 S.E. 2d 245 (1979).

In *Peters v. Holiday Inns, Inc.*, 278 N.W. 2d 208 (Wisc. 1979), the Wisconsin Supreme Court stated the rule for innkeepers in the following terms:

> [T]he conduct of hotel innkeepers in providing security must conform to the standard of ordinary care. In the context of the hotel-guest relationship, it is foreseeable that an innkeeper's failure to maintain adequate security measures not only permits but may even encourage intruders to rob or assault hotel patrons.

For other cases where the courts of other states have recognized the duty of innkeepers to exercise reasonable care to protect their guests from the criminal acts of third persons on the hotel or motel premises, *see* Annot. 70 A.L.R. 2d 628, 646, § 9 and A.L.R. 2d Later Case Service.

The materials before the trial court in this case tended to show that defendant Office Parks knew of at least 42 episodes of criminal activity taking place on its motel premises during a period of three years preceding the date of plaintiff's injury. At least 12 of the episodes occurred during the three and one half months preceding plaintiff's injury. While none of these criminal episodes involved an assault on a guest, there was one armed robbery on the premises and seven illegal entries into motel rooms.

The materials before the trial court show without dispute that the motel premises were not guarded or patrolled by security officers employed by the motel, but that defendant Office Parks relied on routine visits by local police to provide security. These materials also showed that defendant's motel parking lot was not fenced in or otherwise enclosed, and that the area where plaintiff's room was located may have been dimly lighted.

We are persuaded that under the general rules set out in *Foster*, the materials before the trial court in this case raised triable issues as to whether defendant Office Parks should have

reasonably foreseen that the conditions on its motel premises were such that its guests might be exposed to injury by the criminal acts of third persons and whether defendant Office Parks exercised reasonable care to protect plaintiff from injury from such acts. We therefore hold that as to plaintiff's first claim for relief, based upon defendant's negligence, summary judgment for defendant Office Parks was improvidently entered.

[2] As to plaintiff's second claim for relief, based upon an implied warranty of safety, we hold that summary judgment for defendant Office Parks was appropriate. Under our decisional law, an innkeeper or other occupier of land is not the insurer of the personal safety of business invitees. *Foster*, supra; *Rappaport*, supra. Plaintiff's argument that the provisions of G.S. 72-1(a) provide him with such a warranty of personal safety is not supported by any cited decisions of our courts; and we are not aware of any such decisions. G.S. 72-1(a) does no more than state the common law duty of an innkeeper to provide suitable lodging to guests, and carries with it no warranty of personal safety. *See Waugh v. Duke Corp.*, 248 F. Supp. 626 (M.D. N.C., 1966).

[3] In one of his assignments of error, plaintiff contends that Judge Allen's denial of defendant Days Inn's motion for summary judgment was binding on Judge Snepp as to defendant Office Parks' motion. We do not agree. Although it may appear logically inconsistent for one trial judge to keep the non-operating franchisor in the case and another to let the operator-franchisee out, each defendant was entitled to have its motion considered and ruled upon separately. Under these circumstances, Judge Snepp did not overrule Judge Allen's previous judgment. *Compare Carr v. Carbon Corp.*, 49 N.C. App. 631, 272 S.E. 2d 374 (1980), *cert. denied*, 302 N.C. 217, 276 S.E. 2d 914 (1981).

Defendant contends that summary judgment in its favor was appropriate as to plaintiff's claim for punitive damages. The question of whether plaintiff is entitled to have an issue of punitive damages submitted to the jury must be determined in light of the evidence presented at trial.

The results are:

As to summary judgment on plaintiff's claim for relief for defendant Office Parks' negligence, reversed.

As to summary judgment on plaintiff's claim for relief on defendant Office Parks' contractual warranty of plaintiff's personal safety, affirmed.

Affirmed in part; reversed in part; and remanded.

Judges HEDRICK and ARNOLD concur.