LESTER SAWYER v. WILLIAM R. CARTER

No. 8429SC712

(Filed 4 December 1984)

1. Negligence § 53.8— invitee's injury during robbery of store—action against store owner

   Plaintiff could properly bring an action against the owner of a convenience store for injuries sustained during a robbery at the store.

2. Negligence § 56— robbery at store—injuries to invitee—action against store owner—evidence of foreseeability of criminal act

   In an action against a store owner for injuries sustained by business invitees resulting from intentional criminal acts of third persons, evidence pertaining to the foreseeability of the criminal attack will not be limited to prior crimes occurring on the premises.

3. Negligence § 57.11— robbery at store—injuries to invitee—action against store owner—insufficient evidence of foreseeability

   In an action against the owner of a convenience store to recover for injuries received when plaintiff invitee was shot by a robber at the store, plaintiff's forecast of evidence of a single robbery at the convenience store five years earlier and of occasional robberies of other convenience stores and other businesses in the area over an extended period of time was insufficient to raise a triable issue concerning the foreseeability of the robbery.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 27 February 1984 in Superior Court, HENDERSON County. Heard in the Court of Appeals 25 October 1984.

On 5 January 1980, plaintiff entered "The Back Door Store," a convenience store owned by defendant. The store manager, an acquaintance of the plaintiff, requested plaintiff to attend to the front premises for a few minutes. Plaintiff agreed, and almost immediately after the manager went to the back of the store, two armed men entered, and in the course of robbing the store, shot

and wounded plaintiff. Plaintiff brought this action against the store owner to recover damages for injuries sustained during the robbery. Defendant filed an answer and subsequently moved for summary judgment. From the order granting defendant summary judgment, plaintiff appeals.

*Herman L. Taylor, for plaintiff-appellant.*

*Roberts, Cogburn, McClure & Williams, by Isaac N. Northup, Jr., for defendant-appellee.*

VAUGHN, Chief Judge.

Plaintiff argues that the trial court erred in granting summary judgment in favor of defendant, owner of the convenience store at which plaintiff was injured during a robbery. We conclude summary judgment was properly entered and therefore affirm.

[1] North Carolina has recognized that a landowner may be liable for injuries sustained by business invitees which are the result of intentional criminal acts of third persons. The seminal case in this area is *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 281 S.E. 2d 36 (1981). The defendants in *Foster* were the owners of Hanes Mall, in whose parking lot the plaintiff was attacked. Our Supreme Court held, *inter alia*, that plaintiff had stated a claim for relief. Relying on *Foster*, subsequent cases have held that a cause of action may exist against a motel owner, *Urbano v. Days Inn*, 58 N.C. App. 795, 295 S.E. 2d 240 (1982) (assault again occurring in parking lot), and against a college or university. *Brown v. N.C. Wesleyan College*, 65 N.C. App. 579, 309 S.E. 2d 701 (1983). We see no reason to forbid a cause of action against an owner of a "convenience" or "package" store.

Once a cause of action sufficient to withstand dismissal is stated, whether a duty to protect business invitees against criminal acts of third persons will be imposed upon a particular landowner in a particular case depends upon the foreseeability of criminal activity. Foreseeability as the determinant of the extent of a landowner's duty to protect was enunciated in *Foster*, and followed in *Urbano* and *North Carolina Wesleyan*, all *supra*. By adopting foreseeability as the standard for liability in these cases, North Carolina applies the majority rule. Annot., 72 A.L.R. 3d

1269 (1976). Therefore, in evaluating the propriety of summary judgment in this case, we must determine whether the pleadings, together with the supporting materials, raise a triable issue of fact concerning the foreseeability of the robbery that resulted in plaintiff's injuries. *See Loy v. Lorm Corp.,* 52 N.C. App. 428, 278 S.E. 2d 897 (1981) (procedure for summary judgment allows forecast of proof in order to determine whether jury trial is necessary); *Goode v. Tait, Inc.,* 36 N.C. App. 268, 243 S.E. 2d 404, *review denied,* 295 N.C. 465, 246 S.E. 2d 215 (1978) (moving party must show there can be no other evidence from which a jury can reach a different conclusion as to a material fact).

Plaintiff submitted affidavits in opposition to defendant's motion for summary judgment. The information contained in these affidavits relating to foreseeability of the robbery is as follows: James Sherman stated that he has owned and operated five to seven convenience stores in the Hendersonville area, and that two robberies have occurred at his stores. Both of these robberies occurred in 1974, when a clerk going to make a night deposit was attacked by robbers outside the store. He further stated that almost all small stores open after dark in the Hendersonville area have been robbed at least once since 1974.

An employee of the Hendersonville Police Department listed robberies occurring in the Hendersonville area since 13 December 1976 of which he had a "personal recollection." Once the robberies occurring after the date of the robbery in question are eliminated from our consideration, as they do not bear upon the question of foreseeability, there remain eight robberies, three at convenience stores, two at banks, and one each at a drug store, a book store, and a taxi stand.

Another police department employee listed in her affidavit 100 robberies that occurred in the Hendersonville area between October 1973 and September 1983. Forty-five of these occurred after 5 January 1980, and again, we do not consider them on the issue of foreseeability. Of the remaining 55 robberies, 35 were robberies against individuals, and only ten of the remaining 20 robberies at business establishments took place at convenience-type stores.

Defendant submitted two affidavits, his own and that of the store manager. Defendant stated in his affidavit that he had

rented the premises for about one and a half years prior to the robbery, and that to his knowledge, the store has no history of armed robberies. The store manager at the time of the incident testified he had held that position for about one year before the incident. He stated that in the five years prior to 5 January 1980, he knows of only one robbery of The Back Door Store, that having taken place approximately five years before the incident.

[2] We have summarized the contents of the affidavits because they are the principal material on which the summary judgment was based. We note that the plaintiff relied heavily, indeed almost exclusively, on evidence of robberies that occurred in the Hendersonville area generally and not on the actual premises of The Back Door Store in support of its theory that the attack was foreseeable. Thus, in order to properly evaluate the ultimate issue of the propriety of the summary judgment, we must first address the question of whether evidence of criminal activity not occurring on the premises owned by defendant may be properly considered.

Although we have found no North Carolina case actually discussing this question, we note that a landowner's liability for criminal acts of a third party has been predicated, at least partly, on evidence of the general character of the neighborhood. In *Wesley v. Greyhound Lines, Inc.*, 47 N.C. App. 680, 268 S.E. 2d 855, *review denied*, 301 N.C. 239, 283 S.E. 2d 136 (1980), defendant was held liable for injuries sustained by plaintiff when she was sexually assaulted in defendant's bus station. Relying on the rule that all relevant evidence is admissible unless excluded by some specific rule, this Court held that evidence of the neighborhood surrounding the bus station and type of individuals frequenting the area was admissible to show defendant's knowledge of the need for insuring adequate protection of its passengers. *Id.* at 684-5, 268 S.E. 2d at 859-60. But irrelevant evidence, even of crimes occurring on the premises, may be excluded. *See Shepard v. Drucker & Falk*, 63 N.C. App. 667, 306 S.E. 2d 199 (1983) (excluding evidence of unrelated prior crimes on premises, and of rape occurring at another apartment complex managed by defendants).

Although evidence of conditions in the surrounding area appears to be admissible in North Carolina on the question of fore-

seeability, we note that the *Foster* case and its progeny, although they did not enunciate a rule of "premises liability," depended chiefly on evidence of criminal activity occurring on the premises to establish the foreseeability of the crime underlying the lawsuit and hence liability of the landowner. *E.g., Urbano v. Days Inn, supra* (42 criminal incidents in parking lot in three years prior to attack in parking lot; 12 in three and a half months prior); *Foster v. Winston-Salem Joint Venture, supra* (31 incidents in parking lot in year prior to assault in parking lot).

In attempting to fashion an evidentiary rule in these situations, we have looked to other jurisdictions for guidance, only to find a dramatic variance in willingness to consider evidence of criminal activity not occurring on the premises. Some courts limit evidence exclusively to acts occurring on the landowner's premises, on the theory that conditions in the vicinity are irrelevant. *See, e.g., Scott v. Watson,* 278 Md. 160, 169, 359 A. 2d 548, 554 (1976) (duty of landlord to exercise reasonable care for tenants' safety "arises primarily from criminal activities existing on the landlord's premises, and not from knowledge of general criminal activities in the neighborhood," observing that landlords can only affect risks within their own premises); *Cornpropst v. Sloan,* 528 S.W. 2d 188, 197 (Tenn. 1975).

At the other end of the spectrum are cases that take a more inclusive approach, considering the crime rate in the surrounding neighborhood, as well as the location and character of the business enterprise. In a case involving an assault in a lower lobby of a motel, the Missouri Supreme Court reasoned:

> Any suggestion that crime is not foreseeable is particularly inappropriate when a downtown metropolitan area is involved, especially when the case involves a hotel. . . . The operator of a hotel to which the public has easy access . . . should not be heard to say that he [or she] had no inkling that crime of the kind here involved might occur on . . . [the] premises simply because there had been none in the past.

*Virginia D. v. Madesco Inv. Corp.,* 648 S.W. 2d 881, 887 (Mo. 1983). *See also Early v. N.L.V. Casino Corp.,* 100 Nev. 36, 678 P. 2d 683 (1984) (court stated that evidence relating to past crimes on the premises and to the location and character of defendant's busi-

Sawyer v. Carter

ness, a gambling casino, could provide the requisite foreseeability).

But even in jurisdictions endorsing a liberal approach to the admissibility of evidence, courts are reluctant to impose liability absent evidence of prior criminal activity on the premises. For example, in *Uihlein v. Albertson's, Inc.*, 282 Or. 631, 580 P. 2d 1014 (1978), although plaintiff produced evidence that defendant's supermarket was located in a high-crime area, no evidence was presented that any crime other than shoplifting had ever taken place in the store itself. The Supreme Court of Oregon reasoned that this evidence did not support the foreseeability of an assault and robbery as a matter of law and affirmed a summary judgment in defendant's favor. *Accord, Genovay v. Fox*, 143 A. 2d 229, 237, 50 N.J. Super. 538, 555 (1958), *rev'd on other grounds*, 149 A. 2d 212, 29 N.J. 436 (1959) (no jury question of owner's duty to secure patrons from bodily harm; "[t]he evidence is that this establishment had never been subjected to armed robbery before and there is therefore no particular significance in defendant's knowledge that there was a general increase in armed criminality in the community, at least where not shown to have risen to an extraordinary degree").

One concept that emerges from the disharmony of the foregoing cases is that evidence of similar prior criminal activity committed on the premises is the most strongly probative type of evidence on the question of foreseeability. Although we agree with this principle, we see no need to adopt a brightline rule limiting evidence exclusively to that of prior crimes on the premises. Rather, we recite the basic rule that all relevant evidence is admissible unless excluded by some specific rule, *see* G.S. 8C-1, Rule 402; 1 Stansbury's N.C. Evidence § 77, n. 9 (2d Rev. ed. 1982), and state directly what was implied in *Wesley v. Greyhound, supra*, that evidence pertaining to the foreseeability of criminal attack shall not be limited to prior criminal acts occurring on the premises. We disagree that all other evidence is automatically irrelevant to the question of foreseeability.

[3] We now return our attention to the central issue of the summary judgment. We have reviewed the record, and although we have not confined our review to evidence of prior crimes at The Back Door Store, we conclude that the trial court's entry of sum-

mary judgment was proper and should not be disturbed. The forecast of the evidence shows that the plaintiff will not be able to produce substantial proof at trial which would allow the issue of foreseeability to be resolved in his favor. *See Best v. Perry*, 41 N.C. App. 107, 110, 254 S.E. 2d 281, 283 (1979). The evidence resembles that of *Brown v. N. C. Wesleyan College, supra,* where this Court, in affirming a summary judgment for the defendant, concluded that the "scattered incidence" of crime in more than a decade before the abduction and murder of a student did not raise a triable issue as to reasonable foreseeability: "The forecast of evidence does not show a repeated course of criminal activity which would have imposed a duty upon defendant to keep its campus safe." *Id.* at 583-4, 309 S.E. 2d at 703.

Likewise is the evidence of a single robbery at The Back Door Store five years prior to the robbery in question, and evidence of occasional robberies of convenience-type stores and other business establishments over an extended period of time at unspecified locations in the Hendersonville area insufficient to raise a triable issue of fact. We doubt there exists a community in this State which is entirely crime-free. In the broadest sense, all crimes anywhere are "foreseeable." To impose a blanket duty on all merchants to afford protection to their patrons would be a result not intended by our courts and not condoned by public policy. Discharging such a duty would undoubtedly be inconvenient and expensive, and to impose a duty absent true foreseeability of criminal activity in a particular store would be grossly unfair. *See* dissenting opinion of Carlton, Justice, in *Foster, supra.* The forecast of evidence in this case does not support a triable issue of fact on the question of reasonable foreseeability.

Affirmed.

Judges BRASWELL and EAGLES concur.