MARY MURROW v. EDITH E. DANIELS, EXECUTRIX OF THE ESTATE OF WALTER CLEE DANIELS, EDITH E. DANIELS, INDIVIDUALLY, AND EDITH E. DANIELS, D/B/A HENRY JOHNSON'S MOTOR LODGE & RESTAURANT

No. 8511SC1208

(Filed 5 May 1987)

1. **Innkeepers § 5; Negligence § 27.2— robbery and rape at motel—evidence of other crimes in area—admissibility on foreseeability issue**

In a negligence action where plaintiff alleged that she was robbed and raped and that defendant motel owners failed to provide her a safe place to stay, plaintiff's evidence was sufficient to show that the criminal activity at both the Smithfield interchange to I-95, where defendants' motel was located, and at the Selma interchange, two miles away where other motels were situated, had been high for several years before the night involved and that such activity could reasonably be expected to be repeated thereafter. The trial court did not err either in receiving this evidence or in charging the jury that it could be considered on the foreseeability question.

2. **Innkeepers § 5; Negligence § 34.1— robbery and rape at motel—contributory negligence of victim—refusal to instruct error**

In a negligence action where plaintiff, who was robbed and raped, alleged that defendant motel owners failed to provide her a safe place to stay, but defendants alleged that plaintiff was contributorily negligent in failing to call the desk or look out the bathroom window before opening her door to men who had refused to identify themselves, the trial court erred in refusing to instruct the jury that they could consider plaintiff's failure to look out the bathroom window as a basis for finding that she was contributorily negligent.

3. **Innkeepers § 5; Negligence § 27.3— robbery and rape at motel—subsequent precautions by another motel owner—evidence admissible—lack of security precautions as gross negligence—expert's testimony improperly admitted**

In a negligence action where plaintiff alleged that she was robbed and raped and that defendant motel owners failed to provide her a safe place to stay, the trial court did not err in allowing another motel operator to testify as to security measures which he took after the incident involving plaintiff at defendants' motel, but the court did err in failing to strike the opinion of plaintiff's expert witness on motel security that defendants' lack of security precautions at the time of plaintiff's injuries was "gross negligence."

Judge BECTON dissenting.

APPEAL by defendants from *Herring, Judge*. Judgment and order entered 16 July 1985 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 April 1986.

During the night of 2 June 1982 while a guest of Henry Johnson's Motor Lodge in Smithfield plaintiff, a 62-year-old retired

schoolteacher from New York, was robbed, raped and otherwise abused by two men who forced their way into her room after she opened the door to see who was there. The motor lodge, adjacent to Interstate Highway 95, was then owned and operated by defendant Edith Daniels and her late husband, Walter Daniels. Plaintiff, traveling alone, was on her way back to New York after visiting her daughter in Florida, a trip she had made several times before. Her room in the motel was at ground level; its door had neither a peephole nor a chain latch and the only window facing the approach to the room had frosted glass and was in the bathroom. Around 11 o'clock there was a series of loud knocks on the room door; plaintiff asked who was there and what was wanted and the response was a loud command to open the door. When the door was not opened more knocks followed, plaintiff again asked who was there and what was wanted, and again a voice commanded her to open the door. After this happened several times plaintiff opened the door and two strange men forced their way into her room, and for the next hour or so they abused her in many ways: They threatened her with a knife, fondled her roughly, raped her several times, forced her to perform different abominations upon them, took her money, bound her hand and foot, and urinated on her before leaving. After freeing herself, which took a few minutes, plaintiff telephoned the motel front desk. Law enforcement officers were already on the premises investigating an earlier attempt by the same men to break in another motel room, an attempt that failed because the occupant had a gun and indicated that he would use it. The men were quickly apprehended and were later convicted of and sentenced for their crimes. In suing defendants plaintiff stated claims for negligence, gross negligence and breach of contract, and alleged that defendants failed to provide her a safe place to stay, as they were obliged to do, and that as a result thereof she was substantially injured and damaged. The defendants denied plaintiff's principal allegations and alleged that in failing to look out the window and call the motel office, and in opening her room door that plaintiff was contributorily negligent. The claim based on contract was dismissed by summary judgment before trial, the gross negligence claim was dismissed by directed verdict at the close of plaintiff's evidence, and the trial of the negligence claim resulted in a verdict that defendants were negligent, that plaintiff was not contributorily negligent, and that plaintiff had been damaged in the

amount of $50,000. Defendants' post trial motions for a new trial and judgment notwithstanding the verdict were denied; but plaintiff's motion for a new trial on the damages issue only was allowed.

The evidence presented at trial, some of which will be stated in more detail in the opinion, may be broadly summarized as follows: Plaintiff testified to her activities and abuse as stated above and to the nature, extent and expense of her physical and emotional injuries. An expert psychologist, who had treated her on more than fifty occasions, testified that she had a permanent and totally disabling post stress disorder caused by the incident involved. Several Johnston County residents, some of whom were law enforcement officers or motel managers, testified that the motor lodge was in or near a high crime area and that similar crimes had been committed in the area earlier. A qualified expert in motel security expressed his opinion that the security at defendants' motel on 2 June 1982 was inadequate in several respects. On the other hand, defendants' evidence tended to show that plaintiff did not have to open the door to see who was there but could have looked through a bathroom window; that most of the criminal activity plaintiff's witnesses testified to occurred in the vicinity of the Selma exit to I-95, two miles away from the Smithfield exit where defendants' motel was situated; that defendants' security measures were adequate; and that the effect of the incident upon the plaintiff was temporary and non-disabling.

Law Offices of Marvin Blount, Jr., by Marvin Blount, Jr. and Charles Ellis, and Law Offices of Joseph T. Nall, by Joseph T. Nall, for plaintiff appellee.

Teague, Campbell, Dennis & Gorham, by C. Woodrow Teague and Linda Stephens, and Mast, Tew, Armstrong & Morris, by George B. Mast, for defendant appellants.

PHILLIPS, Judge.

In substance, defendants' contentions are that as a matter of law the evidence presented failed to establish their negligence and established plaintiff's contributory negligence; that they were prejudiced by much inadmissible evidence; that the jury instructions were erroneous in several respects; and that it was error to grant a new trial on just the damages issue. Since a new trial on

all issues raised by the pleadings and evidence is necessary because of a prejudicial error in charging the jury, we will rule on only those other questions likely to arise in the next trial; and in doing so will avoid repetition by grouping alleged errors either as argued in the briefs or as seems appropriate.

### I.

[1]   First, we discuss and overrule defendants' contention that the evidence presented shows as a matter of law that they were not negligent because the harm done plaintiff by the criminal intruders was not reasonably foreseeable. An innkeeper owes a duty of reasonable care to his guests and that duty includes taking precautions to protect guests from the reasonably foreseeable criminal acts of third persons. *Urbano v. Days Inn of America, Inc.*, 58 N.C. App. 795, 295 S.E. 2d 240 (1982). Such foreseeability can be proven by evidence of prior criminal activity on the premises involved, *Urbano v. Days Inn of America, Inc., supra*, or in the area in which the inn is situated. *Wesley v. Greyhound Lines, Inc.*, 47 N.C. App. 680, 268 S.E. 2d 855, *disc. rev. denied*, 301 N.C. 239, 283 S.E. 2d 136 (1980); *Sawyer v. Carter*, 71 N.C. App. 556, 322 S.E. 2d 813 (1984), *disc. rev. denied*, 313 N.C. 509, 329 S.E. 2d 393 (1985). In this case plaintiff's evidence is clearly sufficient to show that the criminal activity at both the Smithfield interchange to I-95, where defendants' motel is located, and at the Selma interchange, two miles away where other motels are situated, had been high for several years before the night involved and that such activity could reasonably be expected to be repeated thereafter. According to the testimony of the law enforcement officers and motel operators and the records of the local police and sheriff's departments over 300 crimes were committed at the two interchanges between 1978 and 1982, 100 of which were at the Smithfield interchange. Defendants contend that all this evidence was improperly admitted because none of the reported crimes occurred on their premises; that the offenses at the Selma interchange were irrelevant because that interchange is one neighborhood and the Smithfield interchange another; and that the crimes that occurred were not similar to those committed on plaintiff. These contentions have no merit. In *Sawyer v. Carter, supra*, we held that evidence pertaining to the foreseeability of a criminal attack will not be limited to crimes that occurred on the premises in question. Though Smithfield and Selma are geographically and

politically distinct entities, the evidence indicates that the two interchange areas are parts of one business community that serves the needs of motorists traveling on that short, two mile stretch of I-95. The businesses at the interchanges are similar and the adjacent interchanges, but two minutes apart, are as continuing and similar, it seems to us, as two businesses at opposite ends of a city block in one neighborhood as in *Wesley*. The general rule, stated by our learned authority on the law of evidence, is as follows:

> When substantial identity of circumstances and reasonable proximity in time is shown, evidence of similar occurrences or conditions may, in negligence actions, be admitted as relevant to the issue of negligence . . . .

1 Brandis N.C. Evidence Sec. 89 (1982). *See also* Byrd, *Proof of Negligence, Pt. II*, 48 N.C. L. Rev. 731, 739-44 (1970). Thus, the evidence of criminal activity at the Selma interchange was not irrelevant to what defendants should have foreseen might occur on their premises; for it tends to show that the adjacent interchanges with their accompanying businesses are equally inviting and accessible to motorists traveling that short stretch of I-95 — and to criminals who prey upon them. And as to the crimes reported in the area not being similar to those committed on plaintiff both the law and the evidence has an answer. The law does not require that the precise crimes committed be foreseeable, only that some criminal act might be suffered, *Urbano v. Days Inn of America, Inc., supra*; and the evidence shows that the crimes reported, not just in the general area but immediately adjacent to defendants' motel and about which defendants were informed, included at least five armed robberies, the harm of which, obviously, could have exceeded that suffered by plaintiff. Thus, we rule that the court did not err either in receiving this evidence or in charging the jury that it could be considered on the foreseeability question. We also hold that this evidence, along with the other evidence indicating that defendants' security arrangements were inadequate, is sufficient to support the jury finding that defendants were negligent.

## II.

[2] Defendants' contention that plaintiff was contributorily negligent as a matter of law is based upon evidence mostly from

her that without calling the desk or looking out the bathroom window she opened her room door to persons who had refused to identify themselves. But plaintiff testified that the urgency and loudness of the knocking and of the voices that responded to her questions seemed to require an immediate response and made her think that an emergency of some kind might exist and that it was appropriate to open the door. Each claim of contributory negligence must be decided according to its own circumstances, *Thomas v. Thurston Motor Lines, Inc.*, 230 N.C. 122, 52 S.E. 2d 377 (1949), and to say the least the circumstances in which plaintiff found herself were not those ordinarily faced by motel guests. Her door had neither latch nor peephole; the only window available to her was in the bathroom and had to be adjusted before it could be seen through; and two men were noisily and insistently knocking and demanding that the door be opened, whereas most criminals intent on entering a house or room and attacking the occupant act quietly so as not to attract the attention of others within earshot. Whether plaintiff's reaction to these exigent circumstances amounted to contributory negligence is plainly a question that reasonable minded persons can differ about, it seems to us, *Daughtry v. Cline*, 224 N.C. 381, 30 S.E. 2d 322 (1944), and thus the court did not err in refusing to rule that plaintiff was contributorily negligent as a matter of law.

But we agree with defendants that in charging on the contributory negligence issue the court committed prejudicial error in refusing to instruct the jury that they could also consider plaintiff's failure to look out the bathroom window as a basis for finding that she was contributorily negligent. In asserting this defense three grounds were alleged — the failure to use the bathroom window, the failure to call the motel office, and the opening of the door — and defendants' evidence tended to support all three grounds at least to some extent. Though according to the evidence the window was inconveniently arranged and situated and to see through it she would have had to stand in the bathtub and slide an adjustable panel of frosted glass over, its availability was nevertheless a material aspect of this defense and the jury should have been permitted to determine whether ordinary care required plaintiff to use it; for it cannot be said as a matter of law that either the window had no utility or it was not contributory negligence to fail to use it. Thus, since the other two grounds for

the defense were charged on the failure to charge as to the availability of the window had the inevitable effect, it seems to us, of erroneously depriving defendants of that part of their defense. When this case was tried G.S. 1A-1, Rule 51(a), N.C. Rules of Civil Procedure, required the judge to declare the law arising on the facts and state the evidence necessary to explain the application of the law to them. *Brown v. Scism*, 50 N.C. App. 619, 274 S.E. 2d 897, *disc. rev. denied*, 302 N.C. 396, 276 S.E. 2d 919 (1981). That rule required the court to instruct the jury as to the things that plaintiff did or failed to do, according to the evidence, that could constitute contributory negligence, *Zach v. Surry-Yadkin Electric Membership Corp.*, 57 N.C. App. 326, 291 S.E. 2d 290 (1982), and in not charging that plaintiff's failure to use the bathroom window could constitute contributory negligence the rule was violated to defendants' prejudice.

### III.

**[3]** Of the many items of evidence that defendants contend were erroneously received against them we discuss only the following: The testimony of another motel operator as to security measures that *he took* after the incident involving plaintiff at defendants' motel did not violate G.S. 8C-1, Rule 407, N.C. Rules of Evidence, as defendants contend. For that rule applies only to remedial measures "which, if taken previously, would have made the event less likely to occur," and the evidence involved was as to measures taken by other persons on other properties. *See generally,* 2 Weinstein's Evidence, United States Rules, para. 407[01] (1985). Whether a 1980 newspaper article regarding thefts from a Selma motel was inadmissible, as defendants contend, because it contained unsworn statements and its author could not be cross-examined, cannot be ruled upon since the challenged article does not appear in the record, or among the exhibits submitted with the record, as required by Appellate Rule 9. Furthermore, the record fails to indicate whether the article was offered merely to illustrate the witness's testimony, for which purpose it would have been admissible, or as proof of the truth of the matters stated therein. *See generally,* 1 Brandis N.C. Evidence Sec. 138 (1982). The testimony of Thomas Kindler, plaintiff's expert witness on motel security, that he could not see through a certain bathroom window in defendants' motel, was not irrelevant though the window was not in the room that plaintiff occupied when as-

saulted; because the evidence indicates that the rooms were similarly situated and equipped. Thus, the testimony that that window could not be seen through tended to show that plaintiff's window could not be seen through either, and was quite relevant to an issue in the case. *State v. Jones*, 287 N.C. 84, 214 S.E. 2d 24 (1975); *State v. Hedgepeth*, 230 N.C. 33, 51 S.E. 2d 914 (1949); 1 Brandis N.C. Evidence Sec. 94 (1982). But defendants' contention that the court erred in failing to strike Kindler's opinion that defendants' lack of security precautions at the time of plaintiff's injuries was "gross negligence" has merit. Though G.S. 8C-1, Rule 704, N.C. Rules of Evidence, permits a witness to express an opinion on the "ultimate issue to be decided by the trier of fact," Kindler's opinion amounted to a legal conclusion he was not qualified to make and the court is not authorized to receive. So far, in interpreting Rule 704 our Supreme Court has stopped short of allowing testimony that amounts to a legal conclusion. "[E]ven under the new rules of evidence, an expert may not testify that a particular legal conclusion or standard has or has not been met, at least where the standard is a legal term of art which carries a specific legal meaning not readily apparent to the witness." *State v. Ledford*, 315 N.C. 599, 617, 340 S.E. 2d 309, 321 (1986). "Gross negligence" clearly has legal significance and that characterization by the witness should not have been permitted. Even so, since the gross negligence and punitive damages issue was eliminated from the case the prejudicial effect of the evidence is not clearly indicated; for, as has been authoritatively observed, the prejudicial effect of opinion testimony containing a legal term of art is gauged by the sense in which the objectionable words were used, 1 Brandis N.C. Evidence Sec. 130 (1982), and the precise context of Kindler's words is not clear because the parties chose to narrate the testimony. The record only indicates that the witness was not asked to state a legal conclusion of any kind, as the witness was in *State v. Ledford, supra*, but was describing the security situation at defendants' motel when he used the words "gross negligence." Even so, the characterization was inappropriately received as evidence.

IV.

Another instruction to the jury that defendants complain of is that—

> [I]nnkeepers should foresee that necessarily large amounts of money and credit cards are carried by their guests and consequently increased security is required in these days of rapidly increasing assaultive crimes.

Defendants contend that this instruction was erroneous because no evidence was presented that motel and hotel guests carry large amounts of money and credit cards or that these are days of rapidly increasing assaultive crimes. This contention is rejected for two reasons. First, there was evidence that motel guests usually have enough money to pay their bills and that a number of assaultive crimes had occurred in that area. Second, it is not necessary to prove that which is commonly known, 1 Brandis N.C. Evidence Sec. 11 (1982), and that motel and hotel guests often carry credit cards and large amounts of cash, and that assaultive crimes have greatly increased in this country are facts well known to all. For even in our smaller towns assaults and robberies are reported almost daily by the media and rarely does a year go by without an increase in violent crime being publicly lamented by national, state and local agencies of different kinds.

New trial.

Judge COZORT concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

In my view, the record does not contain even a scintilla of evidence supporting a finding that plaintiff was contributorily negligent by her failure to look out the bathroom window. To suggest that a sixty-two-year-old woman must go to a bathroom, stand on a bathtub, crank open a window and stick her head out to see who was knocking to overcome a contributory negligence defense is anomalous in view of the jury's conclusion that plaintiff's act of opening the door and her failure to call the desk clerk was not contributory negligence. I vote to affirm.