UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

FRIEDA DETTLAFF; DIETER H.
DETTLAFF,

       *Plaintiffs-Appellants,*

v.

HOLIDAY INNS, INCORPORATED;
MAHVIR CORPORATION-HOLIDAY INN;
JAY PATEL; STEPHEN ARP,

       *Defendants-Appellees.*

No. 00-1588

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-98-359-5)

Submitted: April 20, 2001

Decided: May 14, 2001

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robinson O. Everett, Craig M. Kabatchnick, Sandra G. Herring,
EVERETT & EVERETT, Durham, North Carolina; Daniel H. Green-
berg, New York, New York, for Appellants. Robert W. Sumner,
Leigh Ann Smith, CRANFILL, SUMNER & HARTZOG, L.L.P.,

Raleigh, North Carolina; Sam S. Woodley, Jr., Maurice G. Crumpler, BATTLE, WINSLOW, SCOTT & WILEY, P.A., Rocky Mount, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Dieter and Frieda Dettlaff appeal the district court's order granting summary judgment in favor of the motel proprietors in their civil action for negligence. The Dettlaffs were the victims of an armed robbery in the Holiday Inn parking lot. The Dettlaffs claimed the proprietors of the Holiday Inn could have reasonably foreseen the robbery and should have taken steps to prevent it. We review grants of summary judgment de novo. *Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Finding no reversible error, we affirm.

The Dettlaffs arrived at the Dortches Holiday Inn at approximately 12:45 a.m. The couple parked under a light and were robbed at gunpoint as they exited their car. The robbers were soon apprehended, and most of the stolen possessions were recovered. The Dettlaffs sued the Appellees for negligence, arguing the armed robbery was reasonably foreseeable and the Appellees should have taken steps to prevent it.

The Dettlaffs enumerate five issues on appeal related to reasonable foreseeability and the standard of review on summary judgment. Summary judgment is properly granted when there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In determining whether summary judgment is appropriate, the facts are viewed in the light most favorable to the non-moving party. *Id.* at 255.

Generally, intentional criminal acts of third persons cannot be reasonably foreseen by a proprietor and are not the basis for proprietor liability. *See Foster v. Winston-Salem Joint Venture*, 281 S.E.2d 36, 38 (N.C. 1981). However, under North Carolina law, a proprietor may be held liable for injuries arising from the proprietor's failure to exercise reasonable care to discover harmful acts of third persons are occurring, or are likely to occur, coupled with the proprietor's failure to provide reasonable means to protect his patrons from harm or give a warning adequate to enable patrons to avoid harm. *See Murrow v. Daniels*, 364 S.E.2d 392, 397 (N.C. 1988); *see also Cassell v. Collins*, 472 S.E.2d 770, 772 (N.C. 1996). The most probative evidence on the question of whether a criminal act was foreseeable is evidence of prior criminal activity. *See Connelly v. Family Inns of America, Inc.*, 540 S.E.2d 38, 40 (N.C. Ct. App. 2000) (*citing Sawyer v. Carter*, 322 S.E.2d 813, 815 (N.C. Ct. App. 1985)). Relevant prior criminal conduct includes locations where prior crimes occurred, *see, e.g.*, *Murrow*, 364 S.E.2d at 397, the type of prior crimes committed, *see, e.g.*, *Shepard v. Drucker & Falk*, 306 S.E.2d 199, 202 (N.C. Ct. App. 1983), and the amount of prior criminal activity. *See, e.g.*, *Connelly*, 540 S.E.2d at 41; *Urbano v. Days Inn of America, Inc.*, 295 S.E.2d 240, 242 (N.C. Ct. App. 1982).

We agree the armed robbery was not reasonably foreseeable. Furthermore, we find the district court properly construed all material facts in the light most favorable to the Dettlaffs. Accordingly, we affirm on the reasoning of the district court. *See Dettlaff v. Holiday Inns, Inc.*, No. CA-98-359-5 (E.D.N.C. Apr. 3, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*