MARY MURROW v. EDITH E. DANIELS, Executrix of the Estate of WALTER CLEE DANIELS, EDITH E. DANIELS, Individually, and EDITH E. DANIELS, D/B/A HENRY JOHNSON'S MOTOR LODGE & RESTAURANT

No. 294A87

(Filed 3 February 1988)

### 1. Innkeepers § 5; Negligence § 38— crimes against motel guests—contributory negligence—failure to look out bathroom window—absence of instruction

In an action to recover for injuries received by plaintiff when she was robbed and raped while a registered guest at defendants' motel, the trial court did not err in failing specifically to instruct the jury that plaintiff's failure to look out her bathroom window to determine who was outside before opening the motel door was a basis for finding contributory negligence where the trial court properly summarized the evidence relevant to plaintiff's failure to look out the bathroom window and admonished jurors that it was their duty to consider all of the contentions argued by the parties; those arguments included and emphasized defendants' contention that the plaintiff's failure to open and look out the bathroom window was contributory negligence; and the trial court's recapitulation of the evidence and its instructions on the issue of contributory negligence thus properly permitted the jury to consider all of the evidence and contentions when deciding that issue.

### 2. Innkeepers § 5; Negligence § 53.8— duty to protect patrons against criminal acts

A proprietor of a public business establishment has a duty to exercise reasonable or ordinary care to protect his patrons from intentional injuries by third persons if he has reason to know that such acts are likely to occur.

### 3. Innkeepers § 5; Negligence § 53.8— duty to safeguard invitees from criminal acts—test of foreseeability

The test in determining when a proprietor has a duty to safeguard his invitees from injuries caused by the criminal acts of third persons is one of foreseeability. Liability for injuries may arise from failure of the proprietor to exercise reasonable care to discover that such acts by third persons are occurring, or are likely to occur, coupled with failure to provide reasonable means to protect his patrons from harm or give a warning adequate to enable patrons to avoid harm.

### 4. Innkeepers § 5; Negligence § 56— business invitees—evidence of prior criminal acts by third parties—admissible to show proprietor's knowledge of security needs

Evidence of prior criminal acts by third parties on or near business premises is admissible to show a defendant's knowledge of the need to provide adequate security measures to protect its business invitees unless such evidence is excluded by some specific rule. N.C.G.S. § 8C-1, Rule 402.

**5. Innkeepers § 5; Negligence § 57.10— robbery and rape of motel patron—negligence by motel owner—sufficiency of evidence**

In an action to recover for injuries received by plaintiff when she was robbed and sexually assaulted while a registered guest in defendants' motel, plaintiff's evidence was sufficient to raise triable issues of fact as to whether the attack on plaintiff was reasonably foreseeable by defendants and whether defendants were thus negligent in failing to maintain adequate security measures for the protection of its guests where it tended to show that defendants' motel was located at the intersection of Interstate 95 and N.C. Highway 70, and that defendants knew or had reason to know that this intersection is a high-crime area in which numerous criminal incidents had occurred, including five armed robberies at the motel next door to defendants' motel and crimes involving private property, larceny and vehicle theft at defendants' motel.

ON appeal by the plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 85 N.C. App. 401, 355 S.E. 2d 204 (1987), which granted the defendants a new trial in this case tried before *Herring, J.,* and a jury at the 27 May 1985 General Civil Session of Superior Court, JOHNSTON County. The defendants' petition for discretionary review of an additional issue was allowed on 28 July 1987. Heard in the Supreme Court on 10 November 1987.

*Marvin Blount, Jr. and A. Charles Ellis for the plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, by C. Woodrow Teague and Linda Stephens, and Mast, Tew, Morris, Hudson & Schultz, by George B. Mast, for the defendant-appellants.*

MITCHELL, Justice.

The plaintiff brought this action alleging, *inter alia,* that the defendants were negligent in failing to maintain adequate security measures for the protection of guests at Henry Johnson's Motor Lodge & Restaurant. The plaintiff contended that the defendants' negligence proximately caused her injuries, and she sought to recover compensatory and punitive damages from the defendants, jointly and severally.

The evidence offered at trial tended to show that on 2 June 1982, the plaintiff was sexually assaulted, raped and robbed while she was a registered guest at Henry Johnson's Motor Lodge in Smithfield, North Carolina. This attack occurred after the plaintiff opened her motel room door in response to an urgent knock

and loud voices. The plaintiff's assailants forced their way into her room, assaulted her and left her bound. The plaintiff alleged that the defendants were negligent in failing to maintain adequate security measures to protect her against assaults by third persons, when the defendants knew or should have known of prior criminal activity on or near the premises. The defendants denied that they were negligent and, in the alternative, asserted that the plaintiff was barred from recovery because she was contributorily negligent in voluntarily exposing herself to danger by opening her motel room door without first determining who was outside.

The trial court submitted this case to the jury on the issues of negligence, contributory negligence and compensatory damages, but did not submit any issue as to punitive damages. The jury found that the defendants were negligent and that their negligence proximately caused the plaintiff's injuries. The jury also found that the plaintiff was not contributorily negligent and awarded her $50,000 in compensatory damages.

The defendants' motion for judgment notwithstanding the verdict was denied. Upon the plaintiff's motion, the trial court, in its discretion, set aside the verdict on the issue of damages and ordered a new trial on that issue only. The defendants filed notice of appeal to the Court of Appeals and assigned as errors, *inter alia*, the admission and exclusion of certain evidence and the trial court's jury instructions on the issue of contributory negligence. On 5 May 1987, a divided panel of the Court of Appeals concluded that the trial court had erred in its jury instructions as to contributory negligence and awarded the defendants a new trial. Because Judge Becton's dissent addressed this issue only, it was the sole issue brought before this Court by the plaintiff's appeal of right pursuant to N.C.G.S. § 7A-30(2) (1986). The defendants, however, filed a petition for discretionary review of the Court of Appeals' conclusion that this case was properly submitted to the jury on the issue of the defendants' negligence. The defendants' petition was allowed by this Court on 28 July 1987. Therefore, both of these issues are before us for appellate review.

The plaintiff contends that the Court of Appeals erred in holding that the trial court's jury instructions on the issue of contributory negligence required a new trial. We agree.

When this case was tried, N.C.G.S. § 1A-1, Rule 51(a) (1985) required the trial court to instruct the jury as to the applicable law arising on the evidence and to apply the law to the variant factual situations presented by the conflicting evidence. *See Investment Properties of Asheville, Inc. v. Norburn*, 281 N.C. 191, 197, 188 S.E. 2d 342, 346 (1972); *but cf.* N.C.G.S. § 1A-1, Rule 51(a) (1986) (amended 1 July 1985). It is a well-established principle in this jurisdiction that in reviewing jury instructions for error, they must be considered and reviewed in their entirety. *See, e.g., Gregory v. Lynch*, 271 N.C. 198, 203, 155 S.E. 2d 488, 492 (1967). Where the trial court adequately instructs the jury as to the law on every material aspect of the case arising from the evidence and applies the law fairly to variant factual situations presented by the evidence, the charge is sufficient. *See King v. Powell*, 252 N.C. 506, 114 S.E. 2d 265 (1960). Bearing these principles in mind, we consider the jury charge in the present case to determine whether the trial court adequately instructed the jury on the defendants' contention that the plaintiff was contributorily negligent.

In the present case the trial court summarized the evidence, stated the parties' contentions, and instructed the jury on the applicable principles of law. During the summation of the evidence relevant to the issue of contributory negligence the trial court stated that the evidence tended to show, *inter alia*:

That there are two locks on each door to each room in the motel and there are two sliding windows on the back which have automatic ball locks. That you can see out the bathroom window, which is at the front of the motel room when the window is closed. That the panes are frosted and the window opens and slides to the right.

. . . .

That there are bathroom windows in the Johnson's Motel, and that reportedly by sliding them back and looking out the window that one can see the door from the bathroom window. That there were also telephones in the motel and a telephone in each room and in order to get the desk from room 39 all you had to do was pick up the receiver and the switchboard would answer. . . .

After summarizing the evidence, the trial court gave the following instructions on the law relative to the issue of contributory negligence:

> The second issue is the issue of contributory negligence raised by the defendants and I read the second issue again: Did the plaintiff, Mary Murrow, by her own negligence contribute to her injury and damages?

> I instruct you as to the second issue, members of the jury, that there may be more than one proximate cause of an injury and damage, and in this case the defendants take the position that even if you should find they were actionably negligent on the occasion complained of, that you should also find that the plaintiff, herself, was negligent and that her negligence combined and concurred with that of the defendants to bring about and create the injury and damage complained of, if any you find, as one of the proximate causes.

> It is the law in this state, members of the jury, that where there is both negligence and contributory negligence, then a plaintiff may not recover of the defendants because the negligence of the one sets off the negligence of the other.

> So here we have what is known as the issue of contributory negligence, and the law I have given you earlier applies equally to this issue. It is the same as that I gave you earlier in regard to foreseeability and negligence and proximate cause, except that contributory negligence here applies to acts or omissions on the part of the plaintiff whereas actionable negligence on the first issue applied to acts or omissions on the part of the defendants.

After instructing the jury on the applicable law, the trial court stated the defendants' contentions on the issue of contributory negligence as follows:

> Now, as to the second issue, the defendants allege that the plaintiff failed to exercise that degree of care which the ordinary prudent person would have exercised under all the attendant circumstances on the 2nd day of June, 1982, at the defendants' motor lodge and so was, herself, negligent in that first, she voluntarily exposed herself to danger by opening her room door, knowing there were questionable char

> acters outside making noise and demanding entrance, and second, that she opened the room door when she could have called the desk. And the defendants further allege that such negligence on the part of the plaintiff was one of the proximate causes of her complaints and injury which bars any right of recovery in this case by the plaintiff.
>
> . . . .
>
> Now, as to this second issue, the defendants say and contend, . . . that plaintiff, herself, voluntarily exposed herself to danger by opening her room door, and second, that she opened the door when she could have simply picked up the telephone and called the desk, and that this was a proximate cause . . . .

The trial court concluded its charge on this issue by admonishing the jury in the following manner:

> Now, again, I have not by any means summarized all of the contentions of counsel, either for the defendants or for the plaintiff, in this case, but, again, it is your duty to remember and to consider all of the contentions and positions that have been argued to you and as best you can determine the truth of the matter, applying the law as I have stated the law to be.

[1]  After reviewing the charge, the Court of Appeals concluded that the trial court "committed prejudicial error in refusing to instruct the jury that they could also consider plaintiff's failure to look out the bathroom window as a basis for finding that she [the plaintiff] was contributorily negligent. . . . [T]he failure to charge as to the availability of the window had the inevitable effect, it seems to us, of erroneously depriving defendants of that part of their defense." 85 N.C. App. at 406-07, 355 S.E. 2d at 209. Based upon this conclusion, the Court of Appeals awarded the defendants a new trial. We disagree with the Court of Appeals' view that the trial court committed prejudicial error in failing to specifically instruct the jury that the plaintiff's failure to look out her bathroom window was a basis for finding contributory negligence.

As this Court has recognized, the trial court has wide discretion in presenting the issues to the jury and no abuse of

discretion will be found where the issues are "sufficiently comprehensive to resolve all factual controversies and to enable the court to render judgment fully determining the cause." *Chalmers v. Womack*, 269 N.C. 433, 435-36, 152 S.E. 2d 505, 507 (1967). The trial court properly summarized the evidence relevant to the plaintiff's failure to look out the bathroom window and admonished jurors that it was their duty to consider all of the contentions argued by the parties. Those arguments included and emphasized the defendants' contention that the plaintiff's failure to open and look out the bathroom window was contributory negligence. In the case at bar, the trial court's recapitulation of the evidence and its instructions on the issue of contributory negligence properly permitted the jury to consider all of the evidence and contentions when deciding that issue and allowed the court to render a judgment fully determining the case. We therefore conclude that the instructions taken as a whole were sufficient under the standard articulated in *Chalmers* and reverse the Court of Appeals' holding to the contrary. *Id.*

With regard to the issue presented in the defendants' petition for discretionary review, the defendants contend that, as a matter of law, they were not negligent because the plaintiff's injury was not reasonably foreseeable. The Court of Appeals concluded that the evidence of criminal activity at or near Henry Johnson's Motor Lodge was sufficient to support a finding of foreseeability of the criminal attack on the plaintiff. Accordingly, the Court of Appeals ruled that the trial court properly denied the defendants' motions for a directed verdict and for judgment notwithstanding the verdict. We agree that the trial court's ruling on this issue should not be disturbed.

[2, 3]    As this Court has recognized, ordinarily a possessor of land is not liable for injuries to invitees which are caused by the intentional criminal acts of third persons. Nevertheless, we also have recognized that a proprietor of a public business establishment has a duty to exercise reasonable or ordinary care to protect his patrons from intentional injuries by third persons, if he has reason to know that such acts are likely to occur. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 638-39, 281 S.E. 2d 36, 38 (1981) *citing with approval* Restatement (Second) of Torts § 344 and comment f (1965); *see generally* Annotation, *Liability of Hotel or Motel Operator for Injury to Guest Resulting from As-*

*sault by Third Party*, 28 A.L.R. 4th 80 (1984 & Supplement). A proprietor owes his patrons the duty to exercise reasonable care for their personal safety but is not an insurer of their safety under any and all circumstances. *Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 383, 250 S.E. 2d 245, 247 (1979). The test in determining when a proprietor has a duty to safeguard his invitees from injuries caused by the criminal acts of third persons is one of foreseeability. *Foster v. Winston-Salem Joint Venture*, 303 N.C. at 640, 281 S.E. 2d at 39; *Urbano v. Days Inn of America, Inc.*, 58 N.C. App. 795, 295 S.E. 2d 240 (1982). Liability for injuries may arise from failure of the proprietor to exercise reasonable care to discover that such acts by third persons are occurring, or are likely to occur, coupled with failure to provide reasonable means to protect his patrons from harm or give a warning adequate to enable patrons to avoid harm. *See Walkoviak v. Hilton Hotels Corp.*, 580 S.W. 2d 623, 625 (Tex. Civ. App. 1979); Annotation, 28 A.L.R. 4th 80, 84 (1984).

[4] As our Court of Appeals stated in *Sawyer v. Carter*, evidence of prior criminal acts by third parties on or near the premises involved is admissible to show a defendant's knowledge of the need to provide adequate security measures to protect its business invitees. 71 N.C. App. 556, 559, 322 S.E. 2d 813 (1984), *disc. rev. denied*, 313 N.C. 509, 329 S.E. 2d 393 (1985). We adopt the *Sawyer* Court's view that "evidence pertaining to the foreseeability of criminal attack *shall not be limited to prior criminal acts occurring on the premises." Id*. at 561, 322 S.E. 2d at 817 (emphasis added). We agree that evidence of criminal acts occurring near the premises in question may be relevant to the question of foreseeability and hold that such evidence is admissible unless excluded by some specific rule. *See* N.C.G.S. § 8C-1, Rule 402 (1986); *see also Walkoviak v. Hilton Hotels Corp.*, 580 S.W. 2d at 625-26.

In reviewing a ruling upon a motion for judgment notwithstanding the verdict by the defendant, the trial court must consider the evidence in the light most favorable to the non-moving plaintiff, taking the evidence supporting the plaintiff's claims as true, resolving all contradictions, conflicts and inconsistencies in the plaintiff's favor. *See, e.g., Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E. 2d 788, 789 (1978). The same standard is applied for review of a ruling upon a motion for a directed verdict. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). In ruling upon either

motion, the trial court "may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff." *Investment Properties of Asheville, Inc. v. Allen*, 281 N.C. 174, 180, 188 S.E. 2d 441, 445 (1972).

[5]   In the present case, the defendants' motel was located at the intersection of Interstate Highway 95 and N.C. Highway 70. The evidence before the trial court tended to show that the defendants knew or had reason to know that numerous reports of criminal activities had been filed with the local sheriff's department regarding incidents at this intersection. The plaintiff presented evidence that one hundred incidents of criminal activity at the I-95 and Highway 70 intersection area had been reported to the sheriff's department from 1978 to June 1982. These reported incidents included: five armed robberies at Howard Johnson's Motel located next door to the defendants' motel, one kidnapping, three assaults, one vehicle theft, and sixty-three breaking and enterings and larcenies. The Smithfield Chief of Police, a reporter for the local newspaper, the Chief of Detectives for the Johnston County Sheriff's Department and the manager of the motel located next door to Henry Johnson's Motor Lodge & Restaurant testified that they were very familiar with the I-95 and Highway 70 intersection. In their opinions, this intersection was a high-crime area. Evidence was also presented tending to show that crimes had occurred at Henry Johnson's Motor Lodge and Restaurant from May 1977 until January 1980. These crimes included: damage to private property, larceny and vehicle theft.

The evidence, when viewed in the light most favorable to the non-moving plaintiff, was sufficient to raise a triable issue of fact as to whether the attack on the plaintiff was reasonably foreseeable. The evidence tended to show that the I-95 and Highway 70 intersection is a high-crime area in which numerous criminal incidents had occurred, including five armed robberies at the motel next door to the defendants' motel. It would be reasonable to infer that if criminal incidents occurred in such close proximity to the defendants' motel, the defendants were aware of facts which should have prompted them to take measures to protect their guests from potential assaults within the perimeters of their motel property. Further, evidence of crimes in the area immediately surrounding the defendants' motel was sufficient to raise issues of fact concerning the question of foreseeability of the

attack on the plaintiff. Such issues were for the jury and were not issues to be determined as a matter of law by the trial court. The trial court properly denied the defendants' motions and properly submitted the question of the defendants' negligence to the jury.

In their brief and arguments before this Court, the defendants sought to present other assignments of error by which they contend that certain evidence relating to criminal activity at another highway intersection some two miles away from the I-95 and Highway 70 intersection was erroneously admitted at trial. We assume *arguendo* that the admission of such evidence was erroneous as being evidence of criminal activity physically too remote from the defendants' motel to be of probative value in this case. We further assume *arguendo* that the defendants' assignments and contentions in this regard are before us for review. *See* App. R. 16(a). Even having made such assumptions, however, we conclude from our reading of the entire record in this case that any error in admitting such evidence was harmless in light of the overwhelming admissible evidence of criminal activity at the I-95 and Highway 70 intersection area, previously discussed herein.

In their brief in the Court of Appeals, the defendants assigned as error the trial court's order granting a new trial on the issue of damages and presented arguments in support of that assignment. The Court of Appeals did not address that assignment, however, and the defendants did not present or argue it before this Court. Therefore, that assignment is not before us for review. App. R. 16(a).

For the foregoing reasons we reverse the decision of the Court of Appeals which awarded the defendants a new trial. This case is remanded to the Court of Appeals for its further remand to the Superior Court, Johnston County, for proceedings not inconsistent with this opinion.

Reversed and remanded.