ANGELO PURVIS, PLAINTIFF/APPELLANT v. BRYSON'S JEWELERS, INC.,
DEFENDANT/APPELLEE

No. 9318SC838

(Filed 7 June 1994)

## Negligence § 108 (NCI4th)— armed robbery of store customer—insufficiency of evidence of foreseeability

In an action to recover for injuries sustained by plaintiff customer during an armed robbery at defendant's store, the evidence was insufficient to create a triable issue on the question of foreseeability where there was evidence of only one crime on defendant's premises, and that was a non-violent property crime; evidence of crime away from defendant's store was of criminal activity within an approximately three-block area around the store; there were no instances of armed robbery of jewelry stores in evidence; and these facts were not sufficient to give defendant reason to believe that there was a likelihood that third persons would endanger the safety of its invitees.

### Am Jur 2d, Premises Liability § 29.

Appeal by plaintiff from order filed 20 July 1993 by Judge James A. Beaty, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 19 April 1994.

*Egerton, Hodgman & Brenner, by Lawrence J. D'Amelio, III and Lawrence Egerton, Jr., for plaintiff-appellant.*

*Bell, Davis & Pitt, P.A., by Joseph T. Carruthers, for defendant-appellee.*

LEWIS, Judge.

Plaintiff commenced this negligence action against defendant's jewelry store to recover for the injuries he sustained during an armed robbery of the store. Plaintiff alleged that his injuries were the result of defendant's failure to provide adequate security or to warn of potential danger. The trial court granted summary judgment for defendant, and plaintiff appeals.

The evidence tended to show that on 1 June 1991, plaintiff entered the jewelry store, located on Summit Avenue in Greensboro, to pick up a ring he had brought in for sizing. Two men, who were already in the store when plaintiff arrived, then proceeded to rob the

store. In the course of the robbery, one of the men shot plaintiff and two store employees. As a result of the shooting, plaintiff was paralyzed from the waist down.

On appeal, the sole question is whether defendant owed a duty to plaintiff to protect or warn him. It is well established that one who enters a store as a customer during business hours is considered a business invitee. *Abernethy v. Spartan Food Sys., Inc.*, 103 N.C. App. 154, 155, 404 S.E.2d 710, 712 (1991). Ordinarily, the store owner is not liable to his invitees for injuries which result from the intentional, criminal acts of third persons. *Id.* at 155-56, 404 S.E.2d at 712. However, where circumstances exist which give the owner reason to know that there is a likelihood of conduct on the part of third persons which endangers the safety of the invitees, a duty to protect or warn the invitees can be imposed. *Id.* at 156, 404 S.E.2d at 712. Thus, the test for determining when this duty arises is one of foreseeability. *Murrow v. Daniels*, 321 N.C. 494, 501, 364 S.E.2d 392, 397 (1988). Plaintiff argues that the forecast of evidence in the present case was sufficient to raise a triable issue as to whether the armed robbery was reasonably foreseeable. We disagree.

The affidavits and other evidence presented by plaintiff tended to show that during the years 1986 through 1989, there were 937 incidents of criminal activity, ranging from minor to serious offenses, in the approximately three-block area in which the jewelry store is located. Of those offenses, twenty-four were armed robberies. Approximately half of those armed robberies occurred at food or grocery stores, with the next most common sites being banks, department stores, and parking lots. The only prior criminal activity at the jewelry store occurred in December 1990. On that occasion, a person broke in after hours and stole a small amount of merchandise.

The most probative evidence on the question of foreseeability is evidence of similar prior criminal activity committed on the defendant's premises. *Sawyer v. Carter*, 71 N.C. App. 556, 561, 322 S.E.2d 813, 817 (1984), *disc. review denied*, 313 N.C. 509, 329 S.E.2d 393 (1985). Moreover, while evidence of crimes away from the premises may be relevant, courts are reluctant to impose liability absent evidence of prior criminal activity on the premises. *Id.* at 561, 322 S.E.2d at 816. Indeed, the cases in which our courts have held the evidence sufficient to go to the jury on the issue of foreseeability have generally involved numerous incidents of prior criminal activity on the premises. *See Foster v. Winston-Salem Joint Venture*, 303 N.C. 636,

281 S.E.2d 36 (1981); *Urbano v. Days Inn of America, Inc.*, 58 N.C. App. 795, 295 S.E.2d 240 (1982). One exception to the general rule is found in *Murrow v. Daniels*, 321 N.C. 494, 364 S.E.2d 392 (1988), where our Supreme Court held that the criminal activity in the area immediately surrounding defendants' premises was sufficient to raise issues of fact concerning foreseeability. *Id.* at 502-03, 364 S.E.2d at 398.

In that case, the plaintiff was sexually assaulted and robbed in her room at defendants' motel. The evidence showed that the motel was located at the intersection of Interstate 95 and Highway 70, which was known to be a high-crime intersection. In fact, at the motel next door to defendants', there had been five armed robberies in the preceding four years. Other reported incidents at the intersection included one kidnapping, three assaults, one vehicle theft, and sixty-three instances of breaking and entering and larceny. *Id.* at 502, 364 S.E.2d at 398. There was also evidence of various property crimes at defendants' motel. *Id.* The Court concluded that in light of the criminal activity that had occurred in such close proximity to defendants' motel, the issue of foreseeability was for the jury to decide. *Id.* at 502-03, 364 S.E.2d at 398.

In the case at hand, there was evidence of only one crime on defendant's premises, and that crime was a non-violent property crime. In addition, the evidence of crime away from defendant's store was of criminal activity within an approximately three-block area around the store. There were no instances of armed robbery of jewelry stores in evidence. These facts were not sufficient to give defendant reason to believe that there was a likelihood that third persons would endanger the safety of its invitees. Accordingly, we conclude that the evidence was not sufficient to create a triable issue on the question of foreseeability, and the trial court properly granted summary judgment for defendant.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

Judges EAGLES and WYNN concur.