TERRY CARMON BENNETT, Administrator of the Estate of STEPHANIE RENEE BENNETT, Deceased, Plaintiff,
v.
EQUITY RESIDENTIAL, ERP OPERATING LIMITED PARTNERSHIP, EQR-RALEIGH VISTAS, INC., and EQUITY RESIDENTIAL PROPERTIES MANAGEMENT CORP., Defendants.
No. COA09-878.
Court of Appeals of North Carolina.
Filed April 6, 2010
This case not for publication
Bentley Law Offices, P.A., by Charles A. Bentley, Jr. and Michael D. Calhoun, for Plaintiff-Appellant.
Cranfill Sumner & Hartzog LLP, by Dan M. Hartzog, Gloria Taft Becker and Meredith Taylor Berard, for Defendants-Appellees.
BEASLEY, Judge.
Plaintiff appeals from a trial court order granting Defendants' motion for summary judgment in a wrongful death case. Because Plaintiff was unable to forecast sufficient evidence for each essential element of his claim, we affirm.
In the summer of 2001, Stephanie Bennett and two female roommates rented an apartment at the Bridgeport Apartment Complex in Wake County, North Carolina. After Stephanie Bennett failed to appear for work on the morning of 21 May 2002, her step-sister became concerned and phoned property managers at the Bridgeport Apartment Complex. Employees of Bridgeport Apartments entered the apartment and discovered Stephanie Bennett's deceased body. Law enforcement officials learned that Stephanie Bennett had been raped and then strangled to death the night before her body was discovered. After a three-year investigation, law enforcement officials arrested Drew Planten. However, Drew Planten committed suicide in jail before he could be tried for the murder of Stephanie Bennett.
On 7 May 2007, Stephanie Bennett's father, Plaintiff Terry Bennett, filed a wrongful death suit on behalf of his daughter alleging negligence by Defendants, the alleged owners and operators of the Bridgeport Apartment complex. In an amended motion for summary judgment Defendants argued that Plaintiff could not establish a prima facie negligence case. After a hearing, the trial court entered an order granting Defendants' motion for summary judgment. Plaintiff gave notice of appeal on 26 November 2008.
In his sole assignment of error, Plaintiff argues that genuine issues of material fact remain with respect to his wrongful death cause of action. We disagree.
Summary judgment is appropriately granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "The moving party has the burden of establishing the absence of any triable issue, and the Court in considering the motion carefully scrutinizes the papers of the moving party and, on the whole, regards those of the opposing party with indulgence." Zimmerman v. Hogg & Allen, 286 N.C. 24, 29, 209 S.E.2d 795, 798 (1974).
A [moving party] may meet this burden by: (1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim.
James v. Clark, 118 N.C. App. 178, 180-81, 454 S.E.2d 826, 828 (1995) (internal quotations and citation omitted). "If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied." Smith v. Harris, 181 N.C. App. 585, 587, 640 S.E.2d 436, 438 (2007). "It is well established that in order to prevail in a negligence action, plaintiffs must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995).
Our Supreme Court has explained that business proprietors typically do not have a duty to protect guests from injuries that are caused by the intentional, criminal acts of third parties. Foster v. Winston-Salem Joint Venture, 303 N.C. 636, 638, 281 S.E.2d 36, 38 (1981). "Nevertheless . . . a proprietor of a public business establishment has a duty to exercise reasonable or ordinary care to protect his patrons from intentional injuries by third persons, if he has reason to know that such acts are likely to occur." Murrow v. Daniels, 321 N.C. 494, 500, 364 S.E.2d 392, 397 (1988) (citations omitted). "The test [for] determining when a proprietor has a duty to safeguard his invitees from injuries caused by the criminal acts of third persons is one of foreseeability." Id. at 501, 364 S.E.2d at 397 (citations omitted).
Prior criminal activity in an area is the most probative evidence of foreseeability. Sawyer v. Carter, 71 N.C. App. 556, 561, 322 S.E.2d 813, 817 (1984). However, this Court's consideration of prior criminal activity is limited by (1)the type of prior crimes committed;(2) the location of the prior crimes; and (3) the amount of prior criminal activity. See Connelly v. Family Inns of Am., Inc., 141 N.C. App. 583, 588, 540 S.E.2d 38, 41 (2000).
Here, after reviewing the prior criminal activity, it becomes apparent that Defendants could not have foreseen the alleged actions of Drew Planten. "[W]hile evidence of crimes away from the premises may be relevant, courts are reluctant to impose liability absent evidence of prior criminal activity on the premises." Purvis v. Bryson's Jewelers, 115 N.C. App. 146, 147, 443 S.E.2d 768, 769 (1994) (citation omitted). Our Courts will recognize an exception where the prior criminal activity occurred in an area "immediately surrounding defendants' premises[.]" Id. at 148, 443 S.E.2d at 770. Moreover, a plaintiff is not required to show that the defendant foresaw the exact injury that occurred. Foster, 303 N.C. at 642, 281 S.E.2d at 40 (1981). "The plaintiff need only show that in the exercise of reasonable care the defendant should have foreseen that some injury would result from his act or omission or that consequences of a generally injurious nature might have been expected." Id.
In Purvis, the plaintiff filed suit against the owners of a jewelry store after being shot during an armed robbery. 115 N.C. App. at 146-47, 443 S.E.2d at 769. At trial, the plaintiff sought to establish foreseeability by introducing evidence of armed robberies and other criminal offenses occurring at surrounding stores and a single breaking and entering that occurred on the defendant's premises after hours. Id. at 147, 443 S.E.2d at 769. Holding that the plaintiff could not establish foreseeability, our Court reasoned that:
there was evidence of only one crime on defendant's premises, and that crime was a non-violent property crime. In addition, the evidence of crime away from defendant's store was of criminal activity within an approximately three-block area around the store. There were no instances of armed robbery of jewelry stores in evidence.
Id. at 148, 443 S.E.2d at 770.
Here, examining data for similar crimes, occurring within one half-mile of Stephanie Bennett's apartment and within approximately two years of the murder, an expert witness determined that "103 specific crimes were committed." However, focusing solely on crimes that occurred on the premises of the Bridgeport Apartment complex, the expert only identified occurrences of breaking and entering, "peeping toms", trespassing, prowlers and a single sexual offense. The types of crimes occurring on the premises of the Bridgeport Apartment complex were not of the same nature as those suffered by Stephanie Bennett. Plaintiff presented no evidence of serious assaults by non-residents on residents, no evidence of serious sexual assaults, and no evidence of breaking and entering incidents in which a resident was injured as a result.
While expanding the scope of the analysis beyond the Bridgeport Apartment complex would add additional serious crimes to the prior criminal activity, witnesses at trial also testified that the area surrounding the Bridgeport Apartment complex was not a "high crime area" and that serious assaults were not a regular occurrence in the area. Based on a review of the prior criminal activity, the alleged intentional criminal acts of Drew Planten were unforeseeable.
Plaintiff alternatively argues that Defendants' duty of care was established by the Raleigh City Code and the Residential Rental Agreements Act. However, Plaintiff cites no authority indicating that the North Carolina General Assembly sought to establish a duty for landowners to prevent the intentional criminal acts of a third party. As discussed above, the common law duty is based upon foreseeability.
Accordingly, we hold the trial court's order granting summary judgment on Defendants' behalf was proper.
Affirmed.
Judges MCGEE and STEELMAN concur.
Report per Rule 30(e).