IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA 19-727

 Filed: 7 July 2020

Jackson County, No. 15 CVS 123

CURTIS LAMBERT, Plaintiff

 v.

TOWN OF SYLVA, Defendant

 Appeal by Plaintiff from Judgment entered 31 July 2018 by Judge William H.

Coward in Jackson County Superior Court. Heard in the Court of Appeals 5 February

2020.

 David A. Sawyer for plaintiff-appellant.

 Ridenour & Goss, P.A., by Eric Ridenour and Kelly Langteau-Ball, for
 defendant-appellee.

 HAMPSON, Judge.

 Factual and Procedural Background

 In Lambert v. Town of Sylva (Lambert I), 259 N.C. App. 294, 307, 816 S.E.2d

187, 197 (2018), this Court granted Curtis Lambert (Plaintiff) a new trial on his

claims alleged under 42 U.S.C. § 1983 for violations of his state and federal

constitutional rights and for wrongful termination in violation of public policy arising

from his termination from employment with the Town of Sylva (Defendant). On

remand and following the new trial, a jury returned a verdict in favor of Defendant.
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

Plaintiff appeals from the trial court’s Judgment entered on 31 July 2018 consistent

with the jury verdict. The Record reflects the following:

 In January 2013, Plaintiff was hired as a Patrol Officer with the Sylva Police

Department. Plaintiff had previously worked for the Sylva Police Department on two

occasions, and prior to returning in 2013, Plaintiff was employed by the Jackson

County Sheriff’s Office as a patrol deputy. Upon Plaintiff’s return to the Sylva Police

Department in 2013, he was supervised by Chief Davis Woodard (Chief Woodard).

Chief Woodard reported to the Town Manager, Paige Dowling (Dowling).

 On 17 February 2014, Plaintiff filed his Notice of Candidacy for Jackson

County Sheriff. Plaintiff alleged he was subsequently ridiculed by Chief Woodard

and suffered adverse consequences in the workplace as a result of announcing his

candidacy. On 3 March 2014, Chief Woodard requested a meeting with Plaintiff. The

same afternoon, Plaintiff, Chief Woodard, then-Assistant Chief Tammy Hooper, and

Dowling met in Chief Woodard’s office. Chief Woodard offered Plaintiff the option to

resign or be terminated. Plaintiff declined to sign the pre-printed resignation letter;

however, Plaintiff signed a Personnel Action Form reflecting his “separation.” At that

time, Plaintiff turned in his badge and gun. The next day, Plaintiff met with Dowling.

Plaintiff expressed his intent to appeal his termination; however, Dowling informed

Plaintiff she was the final-decision-maker. Plaintiff requested his personnel file from

Dowling, which he did not receive until 11 March 2014.

 -2-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

 On 2 March 2015, Plaintiff filed a Complaint and Jury Demand (Complaint)

against Defendant. Plaintiff’s Complaint alleged three claims. Count one—at issue

in the present case—alleged Defendant, “acting under color of state law, and local

ordinances, regulations, customs or usages of Town of Sylva,” deprived Plaintiff of his

right to free speech and association under the United States Constitution, thereby

violating 42 U.S.C. § 1983. Plaintiff’s Complaint also alleged violations of free speech

and association under the North Carolina Constitution and wrongful termination in

violation of North Carolina’s public policy pursuant to N.C. Gen. Stat. § 160A-169.

Defendant filed its Answer on 7 April 2015, admitting in part and denying in part

portions of Plaintiff’s factual allegations, yet ultimately denying Plaintiff was

terminated on the basis of his political activity but instead terminated as an at-will

employee for performance-related issues.

 On 23 May 2016, Plaintiff’s case came on for the first trial. At the close of

Plaintiff’s evidence, the trial court granted a directed verdict in favor of Defendant.

See Lambert I, 259 N.C. App. at 296-97, 816 S.E.2d at 191. Plaintiff appealed, and

this Court held the trial court erroneously granted Defendant’s directed verdict “upon

a misapprehension of the law regarding plaintiff’s claims under 42 U.S.C. § 1983 . . . .”

Id. at 307, 816 S.E.2d at 197. This Court reversed the trial court’s directed verdict in

favor of Defendant and remanded Plaintiff’s case for a new trial on all claims and

consistent with this Court’s opinion. Id.

 -3-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

 Defendant’s new trial began on 16 July 2018, and this time, both parties

presented evidence. The trial court held a charge conference at which both parties

presented the trial court with requested jury instructions. Plaintiff requested the

trial court instruct the jury according to each count of his Complaint. Specifically, for

count one—Plaintiff’s Section 1983 Claim—Plaintiff requested the trial court instruct

the jury according to model instructions derived from the United States Court of

Appeals for the Third Circuit for municipal liability arising from official policy or

custom, which state in relevant part:

 If you find that [plaintiff] was deprived of [describe federal right],
 [municipality] is liable for that deprivation if [plaintiff] proves by
 a preponderance of the evidence that the deprivation resulted
 from [municipality’s] official policy or custom – in other words,
 that [municipality’s] official policy or custom caused that
 deprivation.

Defendant proposed to frame the first issue for the jury as “[d]id the Sylva Police

Department have a policy that its officers could not run for Sheriff?”

 The trial court considered the instructions submitted by both parties and

ultimately instructed the jury:

 Was the plaintiff’s filing to run for sheriff of Jackson County a
 substantial or motivating factor in the defendant’s decision to
 terminate him from employment with the Town of Sylva? On this
 issue the burden of proof is on [Plaintiff.] This means that the
 plaintiff must prove by the greater weight of the evidence, two
 things:

 -4-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

 First, that the plaintiff participated in conduct protected by
 law. Now, I instruct you that filing to run for public office is
 conduct protected by law.

 And second, that the plaintiff’s participation in conduct
 protected by law was a substantial or motivating factor in the
 defendant’s decision to terminate the plaintiff. Now, an employer
 may terminate an employee with or without cause and even for
 an arbitrary or irrational reason. Even so, no employee may be
 terminated because of his participation in conduct protected by
 law.

 Finally, as to this first issue on which the plaintiff has the
 burden of proof, if you find by the greater weight of the evidence
 that the plaintiff’s participation in conduct protected by law was
 a substantial or motivating factor in the defendant’s decision to
 terminate the plaintiff, it would be your duty to answer this issue
 yes, in favor of the plaintiff.

 The jury returned its verdict finding “the plaintiff’s filing to run for sheriff of

Jackson County” was not “a substantial or motivating factor in the defendant’s

decision to terminate him from employment with the Town of Sylva[.]” Because the

jury found for Defendant on this first issue, it did not proceed further. On 31 July

2018, the trial court entered Judgment for Defendant consistent with the jury verdict.

On 24 August 2018, Defendant timely filed written Notice of Appeal.

 Issue

 The sole issue on appeal is whether the trial court reversibly erred when it

instructed the jury that for Plaintiff to prevail, they must first find “the plaintiff’s

filing to run for sheriff of Jackson County [to be] a substantial or motivating factor in

 -5-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

the defendant’s decision to terminate him from employment[,]” thereby deviating

from Plaintiff’s proposed jury instructions.

 Analysis

 I. Standard of Review

 “It is a well-established principle in this jurisdiction that in reviewing jury

instructions for error, they must be considered and reviewed in their entirety.”

Murrow v. Daniels, 321 N.C. 494, 497, 364 S.E.2d 392, 395 (1988) (citations omitted).

 A specific jury instruction should be given when (1) the requested
 instruction was a correct statement of law and (2) was supported
 by the evidence, and that (3) the instruction given, considered in
 its entirety, failed to encompass the substance of the law
 requested and (4) such failure likely misled the jury.

Outlaw v. Johnson, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (citations and

quotation marks omitted); see Erie Ins. Exch. v. Bledsoe, 141 N.C. App. 331, 335, 540

S.E.2d 57, 60 (2000) (“[W]hen a request is made for a specific instruction, correct in

itself and supported by evidence, the trial court, while not obliged to adopt the precise

language of the prayer, is nevertheless required to give the instruction, in substance

at least, and unless this is done, either in direct response to the prayer or otherwise

in some portion of the charge, the failure will constitute reversible error.” (citation

and quotation marks omitted)). Consequently, “[f]ailure to give a requested and

appropriate jury instruction is reversible error if the requesting party is prejudiced

as a result of the omission.” Outlaw, 190 N.C. App. at 243, 660 S.E.2d at 559.

 -6-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

 II. Jury Instructions

 On appeal, Plaintiff specifically contends the trial court reversibly erred when

it instructed the jury on count one1 of Plaintiff’s Complaint arguing the jury

instructions as given failed to accurately state the law for Plaintiff’s Section 1983

Claim and prejudiced Defendant by “impos[ing] a burden not required by the Civil

Rights Act.” Plaintiff also argues under the law of the case as established by this

Court in Lambert I, the trial court was required to instruct the jury in accordance

with the United States Supreme Court decision in Monell v. Dept. of Soc. Servs. of

City of N.Y., 436 U.S. 658, 692-94, 56 L. Ed. 2d 611, 636-37 (1978).

 A. The Law of the Case

 The procedural posture of Lambert I provides important context for this

Court’s prior holding and Plaintiff’s contention Plaintiff stated a Monell Claim under

the law of the case in Lambert I.

 [A]s a general rule when an appellate court passes on a question
 and remands the cause for further proceedings, the questions
 there settled become the law of the case, both in subsequent
 proceedings in the trial court and on subsequent appeal, provided
 the same facts and the same questions which were determined in
 the previous appeal are involved in the second appeal.

Hayes v. Wilmington, 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956) (emphasis

added).

 1 In brief, Plaintiff refers to count one of his Complaint as a “Monell Claim”; however, as
discussed infra, referring to the claim in count one as a Monell Claim presupposes that it was a valid
claim under Section 1983. We refer to Plaintiff’s claim in count one instead as his Section 1983 Claim.

 -7-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

 In Lambert I, the trial court “granted directed verdict based upon the

defendant’s argument that the doctrine of respondeat superior does not apply to

plaintiff’s claims under 42 U.S.C. § 1983 . . . .” Lambert I, 259 N.C. App. at 302, 816

S.E.2d at 194. On appeal, this Court, considering whether Plaintiff “presented

sufficient evidence to survive a motion for directed verdict[,]” reversed the trial court

and held, “the trial court granted directed verdict based upon a misapprehension of

the law regarding plaintiff’s claims under 42 U.S.C. § 1983.” Id. at 305, 307, 816

S.E.2d at 194, 197. This Court clarified, “[P]laintiff did not need to prove that the

Town had a policy that Town employees could not run for political office.” Id. at 302-

04, 816 S.E.2d at 194-95 (quoting at length the United States Supreme Court’s

decision in Pembaur v. Cincinnati, 475 U.S. 469, 478-83, 89 L. Ed. 2d 452, 462-65

(1986), which analyzed and expanded upon Monell). In discussing Plaintiff’s claims,

this Court emphasized, “[D]efendant’s evidence may present a very different picture

of defendant’s policies and procedures . . . , but unfortunately, since this case was

dismissed after plaintiff’s evidence, we do not have the benefit of that evidence.” Id.

at 305, 816 S.E.2d at 195.

 In the new trial giving rise to the present appeal, Defendant presented

evidence in its defense, and Plaintiff’s claims were presented to a jury that ultimately

found in favor of the Defendant. The issue before us is not a question of the sufficiency

of the evidence to survive a motion for directed verdict but instead is whether the

 -8-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

trial court erred when it declined to give Plaintiff’s requested jury instructions.

Therefore, under the law of the case doctrine as outlined by our North Carolina

Supreme Court, the “same facts and the same questions which were determined in

the previous appeal” are not the same in Plaintiff’s second appeal. Hayes, 243 N.C.

at 536, 91 S.E.2d at 681-82. Thus, the law of the case doctrine, in and of itself, does

not control our analysis of whether the trial court’s jury instructions and issues

submitted to the jury adequately encompassed the law of Plaintiff’s Section 1983

Claim.

 B. Plaintiff’s Section 1983 Claim

 “To state a claim under 42 U.S.C. § 1983, a plaintiff must show that an

individual, acting under color of law, has subjected [him] to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws.” Copper v.

Denlinger, 363 N.C. 784, 789, 688 S.E.2d 426, 428 (2010) (alterations in original)

(citation and quotation marks omitted); see 42 U.S.C. § 1983 (2020). The United

States Supreme Court expressly extended Section 1983 liability to municipalities in

Monell. See Pembaur, 475 U.S. at 478, 89 L. Ed. 2d at 462 (“In the first part of the

[Monell] opinion, we held that local government units could be made liable under

[Section] 1983 for deprivations of federal rights, overruling a contrary holding in

Monroe v. Pape, [365 U.S. 167, 5 L. Ed. 2d 492] (1961).”).

 -9-
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

 “[O]ur first inquiry in any case alleging municipal liability under [Section]

1983 is the question whether there is a direct causal link between a municipal policy

or custom and the alleged constitutional deprivation.” Canton v. Harris, 489 U.S.

378, 385, 103 L. Ed. 2d 412, 424 (1989). “[N]either Monell[ ] nor any other of our

cases authorizes the award of damages against a municipal corporation based on the

actions of one of its officers when in fact the jury has concluded that the officer

inflicted no constitutional harm.” Los Angeles v. Heller, 475 U.S. 796, 799, 89 L. Ed.

2d 806, 810-11 (1986) (per curiam). Indeed, Plaintiff’s proposed jury instructions

recognize this, stating “[i]f you find that [plaintiff] was deprived of [describe federal

right], [municipality] is liable for that deprivation if [plaintiff] proves by a

preponderance of the evidence that the deprivation resulted from [municipality’s]

official policy or custom . . . .” (emphasis added). Thus, even if the trial court adopted

verbatim Plaintiff’s proposed instructions, the jury would still have been required to

find Plaintiff was deprived of a federal right before answering if “the deprivation

resulted from [municipality’s] official policy or custom[.]”

 On Plaintiff’s Section 1983 Claim, the trial court ultimately submitted the

issue to the jury: “Was the plaintiff’s filing to run for sheriff of Jackson County a

substantial or motivating factor in the defendant’s decision to terminate him from

employment with the Town of Sylva?” and the jury returned a verdict of “No.” The

instruction given by the trial court was adapted from this Court’s opinion in Ginsberg

 - 10 -
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

v. Bd. of Governors of Univ. of N.C., which the trial court characterized as a

retaliatory discharge case. 217 N.C. App. 188, 190, 718 S.E.2d 714, 716 (2011). In

Ginsberg, the plaintiff appealed a grant of summary judgment in favor of the Board

of Governors of the University of North Carolina after the plaintiff alleged

constitutional violations in that she was “not considered for [a] tenure-track position

as a result of her [speech].” Id.

 During the charge conference in this case, counsel for Plaintiff and the trial

court discussed the instructions, and the trial court conceded Ginsberg was not

brought under Section 1983. However, the trial court still indicated its intent to

instruct the jury accordingly. The trial court directed the jury “that filing to run for

public office is conduct protected by law” and continued “if you find by the greater

weight of the evidence that the plaintiff’s participation in conduct protected by law

was a substantial or motivating factor in the defendant’s decision to terminate the

plaintiff, it would be your duty to answer this issue yes, in favor of the plaintiff.”

Plaintiff argues this instruction prejudiced him because it “imposed a burden not

required by the Civil Rights Act.”

 It is true the trial court likely could have more clearly delineated Plaintiff’s

Section 1983 Claim for violation of his federal constitutional rights from Plaintiff’s

additional claims sounding in North Carolina law and policy. In effect if not in

substance, however, the trial court’s instruction asked the jury to consider if there is

 - 11 -
 LAMBERT V. TOWN OF SYLVA

 Opinion of the Court

a “direct causal link” between Defendant’s termination of Plaintiff and the alleged

constitutional deprivation. Harris, 489 U.S. at 385, 103 L. Ed. 2d at 424. Implicit in

the jury verdict here is the finding there was no constitutional harm to Plaintiff, a

requisite for a violation of Section 1983 and for municipal liability under Monell. See

Heller, 475 U.S. at 799, 89 L. Ed. 2d. at 810-11. Thus, even assuming it was error for

the trial court to decline to instruct the jury on the question of whether Defendant’s

alleged constitutional “deprivation resulted from [municipality’s] official policy or

custom[,]” the jury verdict finding Plaintiff’s filing to run for sheriff was not a

substantial or motivating factor in his termination renders any error harmless.

Outlaw, 190 N.C. App. at 243, 660 S.E.2d at 559 (“Even assuming arguendo that the

trial court erred by failing to give Defendants’ requested jury instruction, we find that

any such error was harmless error in light of the jury verdict.”). Therefore, the trial

court’s jury instruction did not amount to reversible error.

 Conclusion

 Accordingly, for the foregoing reasons, we conclude there was no reversible

error at trial and affirm the trial court’s Judgment.

 NO PREJUDICIAL ERROR.

 Judges BRYANT and COLLINS concur.

 - 12 -